PER CURIAM.
Maurice Stevens appeals an order denying his motion for postconviction relief. For present purposes we assume, without deciding, that the motion is not time-barred.
Defendant-appellant Stevens entered a plea bargain in state court for a sentence that would be served concurrently with a federal sentence. He contends that it was a condition of his state court plea that he serve his time in federal prison, not state prison. As matters have worked out, he is serving his sentence in state prison, with his federal time running concurrently.
We conclude that defendant’s claim is conclusively refuted by the record. Defendant was initially taken into custody on state charges. A federal grand jury indicted him for the federal charge of possession of a firearm by a convicted felon. He was transferred to federal custody, tried, and convicted. He was temporarily transferred to state custody, returned to federal custody for sentencing, and was again transferred to state custody.
Defendant entered a plea to his state charges for a sentence to be served concurrently, but not coterminously, with his federal sentence. During the plea colloquy, the following occurred:
[Defense Counsel]: Only question he had is where his time would be served. I told him that although Your Honor can’t really order a specific local[e] for that sentence, it’s more likely he will go to federal penitentiary. [The prosecutor] has agreed to go ahead and prepare an order.
THE COURT: You will go back because you’re a on loan. We have to send you back to the Federal authority.
THE DEFENDANT: I was asking that you put a motion so I could be sent back today because I got sick here.
THE COURT: I’m going to sign everything today to send you back today. They will transport you today hopefully. I’ll order that you be transferred immediately.
The trial court entered an order transferring the defendant to federal custody. The federal authorities declined to accept him, because it was the state authorities whose jurisdiction first attached. The federal authorities have instead provided that the federal sentence will run concurrent with the defendant’s state sentence.
Defendant contends that it was a condition of his plea that he serve his sentence in a federal facility and since that has not happened, he should be allowed to withdraw his plea. We disagree. As stated on the record during the plea colloquy, defense counsel correctly advised defendant that the judge could not specify where the sentence would be served. The trial judge did all that he could to have defendant transferred to federal custody, but he did not have the power to require it.
The statement that it was “likely” that the defendant would be placed in a federal facility falls well short of being a promise or explicit condition that the sentence be served in a federal penitentiary. The present case thus differs from the case primarily relied on by the defendant, Taylor v. State, 710 So.2d 636 (Fla. 3d DCA 1998), where there was an explicit agreement for the sentence to be served in federal prison. See id. at 637. On the *379 merits, defendant is not entitled to post-conviction relief.
Affirmed.