SCHWARTZ, Chief Judge.
In our view, Santana’s guilty plea was entered upon the understanding of all the players, particularly including the trial court, that he would be removed from prison and deported to the Dominican Republic when an order to that effect was entered by the Immigration and Naturalization Service. In fact, however, the Department of Corrections has, as is its right, declined to follow the deportation order subsequently entered by the INS. Santana consequently remains in state prison. In these circumstances, which are unlike Stevens v. State, 766 So.2d 377 (Fla. 3d DCA 2000), in that Santana was not informed that the Department of Corrections had power completely to disregard the court’s determination,[1] but are like those in the principledly identical case of Taylor v. *818 State, 710 So.2d 636 (Fla. 3d DCA 1998), Santana is entitled to 3.850 relief from the sentence. Its denial below is therefore reversed. After remand, Santana will be permitted to withdraw his plea. See Taylor, 710 So.2d at 637.
Reversed.
SHEVIN, J., concurs.

. On this point, we refer to the same passage quoted by the dissent, although with quite different emphasis:
THE DEFENDANT: I understand it but I would like to have a special condition from the Court.
THE COURT: What?
THE DEFENDANT: That whenever Immigration is ready to deport me that they go ahead and do that.
THE COURT: I have no problem with Immigration deporting him whenever they are ready. I will recommend deportation as soon as possible. I can make it a recommendation.
Swear in Mr. Santana.
(Thereupon, the defendant was sworn.)
THE COURT: Make a note I'm recommending deportation as soon as possible.
[[Image here]]
One more thing you need to understand, Mr. Santana, as you plead guilty to a 15 year minimum mandatory as an HO, I cannot tell you how many years you will serve. The Department of Corrections does that. Neither I nor your lawyer can tell you that. Do you understand?
THE DEFENDANT: Yes.
I am really pleased about what he has indicated that you will put down that whenever Immigration is available—
THE COURT: Understand that no representation is being made by me or your attorney as to when you will be deported or how long of a time you will serve in jail. Do you understand that?
THE DEFENDANT: Yes, Your Honor, [e.s.]
In context it seems clear — or so, at least, it would have appeared to the defendant — that the references to the court's inability to "represent” the time Santana would spend in prison had to do only with the uncertainty as to whether and, if so, “when” the deportation order would be served. The passage is not at all inconsistent with the representation that whenever that occurred — as it did — the defendant would indeed be sent to the Dominican Republic.
That this is the case is demonstrated by the trial judge's statements at a later hearing that:
THE COURT: Okay, he was sentenced to state prison. You know, if they want to order him deported, okay, I order him deported as a special condition, if that makes a difference.
I simply don’t think I have jurisdiction. I guess he can always appeal it. That'would probably be the thing. I don’t recommend it, but, if nobody is going to appeal and if everyone is happy, I’ll order him deported. It’s a special condition of his jail sentence that he be deported.
Write it on the file.