LEHAN, Acting Chief Judge.
We reverse the sentence imposed against defendant. The sentence was two five year terms of probation, one to be consecutive to the other and both to be “consecutive to any other case” and 364 days incarceration in the county jail as a condition of one of those terms of probation, the incarceration to be served “concurrent with the time being served now in the federal sentence.” As the trial court had been advised, no federal sentence had been imposed at the time the probation and the foregoing incarceration were imposed. Thus, the sentence was improperly indefinite. See Richardson v. State, 432 So.2d 750, 751 (Fla.2d DCA 1983). See also McCall v. State, 475 So.2d 1364 (Fla.2d DCA 1985).
We do not agree with the state’s argument that because incarceration as a condition of probation is not a sentence, the trial court was free to link the incarceration to an as yet not existent federal sentence. See Van Tassel v. Coffman, 486 So.2d 528 (Fla.1986) (under certain circumstances a probation order which includes incarceration may be treated as a sentence).
An alternative ground for reversal is that under these circumstances the non-incarcerative portion of the sentence did not necessarily immediately follow the in-carcerative portion. See Lanier v. State, 504 So.2d 501 (Fla. 1st DCA 1987).
Reversed and remanded for proceedings consistent herewith.
THREADGILL and PATTERSON, JJ., concur.