597 So.2d 304 (1991)
Gabriel SCHLOSSER, Appellant,
v.
Harry K. SINGLETARY, Jr., Secretary, Department of Corrections, Appellee.
No. 91-00969.
District Court of Appeal of Florida, Second District.
November 13, 1991.
Rehearing Denied December 5, 1991.
Gabriel Schlosser, pro se.
No appearance for appellee.
PER CURIAM.
Gabriel Schlosser appeals the denial of his petition for writ of mandamus. The petition alleges that Schlosser, who is presently in the custody of the Florida Department of Corrections, pled guilty to grand theft with the understanding his Florida sentence would run concurrent with an existing federal sentence. However, Florida authorities refuse to transfer him to a federal institution.
Section 921.16(2), Florida Statutes (1989), provides that a Florida court "may direct that a sentence ... be served concurrently with a sentence imposed by a court of another state or of the United States," and in such cases that the Department "may designate the correctional institution of the other jurisdiction as the place for reception and confinement" (emphasis added). This language invests the Department with discretion regarding the placement of inmates serving sentences from multiple jurisdictions. Thus Schlosser has failed to demonstrate the existence of a ministerial duty for which mandamus is an appropriate method of enforcement. City of Miami Beach v. Mr. Samuel's, Inc., 351 So.2d 719 (Fla. 1977).
We note that Schlosser's brief goes far beyond the parameters of the mandamus petition. It appears he may also be complaining of a problem along the lines of a previous appeal, Schlosser v. State, 554 So.2d 1183 (Fla. 2d DCA 1989). Insofar as no such argument was presented to the trial court, we decline to address it.
Affirmed.
RYDER, A.C.J., and LEHAN and FRANK, JJ., concur.