615 So.2d 278 (1993)
Robert John DOYLE, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-2712.
District Court of Appeal of Florida, Third District.
March 16, 1993.
Bennett H. Brummer, Public Defender, and Carol J.Y. Wilson, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Jacqueline M. Valdespino and Judy Bone, Asst. Gen. Counsel for the Dept. of Corrections, for appellee.
Before NESBITT, BASKIN and GODERICH, JJ.
PER CURIAM.
Defendant was sentenced in federal court to imprisonment for bank robbery. Subsequently, defendant was charged with first-degree murder and sentenced in state court to life imprisonment with a minimum mandatory sentence of twenty-five years. The trial court's order directed defendant's state sentences be served concurrently with his federal sentence. Defendant filed a petition for writ of habeas corpus requesting that the trial court enforce the sentencing order making the state sentences concurrent with the federal sentence. The petition was denied; this appeal followed.
The manner in which an inmate may serve a Florida sentence concurrently with a federal sentence is by transfer to federal prison pursuant to section 921.16(2), Florida Statutes (1991). The language of this section invests in the Department of Corrections discretion regarding the placement of inmates serving sentences from multiple jurisdictions. Because the department has been given this authority, a trial court does not have the authority to order that a Florida sentence be served concurrently with another jurisdiction's sentence. Instead, the trial court's order is a recommendation. See Schlosser v. Singletary, 597 So.2d 304 (Fla. 2d DCA 1991).
Accordingly, the petition for writ of habeas corpus is discharged.