710 So.2d 636 (1998)
Christopher Jay TAYLOR, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-2044.
District Court of Appeal of Florida, Third District.
April 8, 1998.
As Amended April 21, 1998.
*637 Bennett H. Brummer, Public Defender and Julie M. Levitt, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Doquyen T. Nguyen, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and COPE and GREEN, JJ.
SCHWARTZ, Chief Judge.
Despite the understanding of all parties to the appellant's entry of a guilty plea that he would serve the agreed seven year sentence in federal prison concurrent to a longer federal sentence, Taylor was in fact transported to and is now serving the sentence in state prison. This violation of the plea bargain obviously entitles the defendant to 3.850 relief from the sentence, see State v. Leroux, 689 So.2d 235 (Fla.1996); Booker v. State, 693 So.2d 73 (Fla. 5th DCA 1997); Turner v. State, 689 So.2d 1107 (Fla. 2d DCA 1997); Williams v. State, 618 So.2d 773 (Fla. 5th DCA 1993); Coward v. State, 547 So.2d 990 (Fla. 1st DCA 1989); Richardson v. State, 432 So.2d 750 (Fla. 2d DCA 1983). We therefore reverse the denial of that relief below.
Perhaps the more difficult question is the appropriate procedural means available to effect the parties' agreement by granting the defendant what in essence is the specific performance of the contract to which we think he is entitled. State v. Frazier, 697 So.2d 944 (Fla. 3d DCA 1997); Kirkland v. State, 633 So.2d 1138 (Fla. 2d DCA 1994). Because, under Doyle v. State, 615 So.2d 278 (Fla. 3d DCA 1993), review denied, 629 So.2d 132 (Fla.1993), cert. denied, 511 U.S. 1007, 114 S.Ct. 1376, 128 L.Ed.2d 52 (1994), the trial court cannot order the Department of Corrections to allow the defendant to serve his state time in federal custody,[1] we conclude it is appropriate that the trial court forthwith vacate the sentence already imposed and provide instead either that the sentence be suspended under the rule that this may be permitted in extraordinary circumstances like these, Helton v. State, 106 So.2d 79 (Fla.1958), quoting from Bateh v. State, 101 So.2d 869, 874 (Fla. 1st DCA 1958)(suspension of sentence permitted for unspecified "good and valid reasons"), cert. discharged, 110 So.2d 7 (Fla.1959), cert. denied, 361 U.S. 826, 80 S.Ct. 74, 4 L.Ed.2d 69 (1959); see also § 775.14, Fla. Stat. (1997), or, at the appellant's option, to enter a sentence of "time served" or simply permit him to withdraw his plea.[2] In any case, Taylor is *638 subject to the federal sentence by way of a surrender to the federal detainer which, we are told, is now in effect.
Reversed, vacated and remanded with directions.
NOTES
[1] Doyle states that the trial court may recommend that this be permitted. In this case, the trial judge eventually did so, but without response from the D.O.C.
[2] Taylor's choice of remedy may be influenced by the fact that under the controlling federal law, it is very possible that he will not receive credit on his federal sentence for the time served in state custody. Rodriguez v. United States, 405 F.2d 857 (5th Cir.1969), cert. denied, 395 U.S. 914, 89 S.Ct. 1762, 23 L.Ed.2d 228 (1969); Sanders v. McGuire, 405 F.2d 881 (5th Cir.1968).