710 So.2d 686 (1998)
STATE of Florida, Appellant/Cross-Appellee,
v.
David R. MILLER, Appellee/Cross-Appellant.
No. 96-04640.
District Court of Appeal of Florida, Second District.
April 29, 1998.
*687 Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellant/ Cross-Appellee.
James Marion Moorman, Public Defender, and Megan Olson, Assistant Public Defender, Bartow, for Appellee/Cross-Appellant.
BLUE, Acting Chief Judge.
The State appeals the dismissal of the onecount information charging David Miller with aggravated battery. Miller cross-appeals the trial court's ruling on a motion in limine which permitted the admission at trial of a videotaped interview with the alleged victim. Because dismissal was not warranted, the granting of Miller's motion to dismiss is reversed. Because the issue raised on crossappeal is not related to the order on appeal, Miller's cross-appeal is dismissed.
The State charged Miller with aggravated battery in violation of section 784.045, Florida Statutes (1995), for allegedly pushing Larry Green over a six-foot wall, causing Green to land on his head and become permanently disabled. Miller filed a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), asserting that the State's two eyewitnesses could not identify Miller as the perpetrator of the crime. The trial court denied the motion after the State filed a traverse specifically denying Miller's assertions. However, at a hearing on the date set for trial, the State reviewed the evidence it was prepared to present at trial. Based on this review, the court sua sponte reconsidered Miller's motion and dismissed the information.
Ordinarily, when the State files a traverse denying or disputing material factual allegations in a rule 3.190(c)(4) motion, the trial court must deny the motion. See State v. Lukas, 652 So.2d 1177, 1178 (Fla. 2d DCA 1995); Fla. R.Crim. P. 3.190(d). It is not the trial court's function to make factual determinations in this context. See State v. Diaz, 627 So.2d 1314, 1315 (Fla. 2d DCA 1993). The trial court erred by granting Miller's motion to dismiss based on its conclusion that the State would be unable to get past a motion for a judgment of acquittal with the available evidence. As a viable alternative to dismissal, the court could simply have required the State to proceed to trial with the evidence available.
With regard to Miller's cross-appeal of the denial of his motion in limine, Florida Rule of Appellate Procedure 9.140(b)(4) states in relevant part: "Review of cross-appeals before trial is limited to related issues resolved in the same order being appealed." Miller's cross-appeal is not authorized because the issue he raises is unrelated to the dismissal order on appeal.
The granting of Miller's motion to dismiss is hereby reversed. Miller's cross-appeal is dismissed; however, he is free to raise the issue again in any future appeal, assuming it is properly raised at trial and preserved in the record.
Reversed and remanded for further proceedings.
NORTHCUTT and CASANUEVA, JJ., concur.