PER CURIAM.
Appellant, Gary Colon-Morales, seeks review of an order dismissing his “Petition to Make the Record Speak the Truth and/or for Specific Performance” of his plea agreement. Due to a series of circumstances, neither this court nor the circuit court has the power to give effect to the plea agreement. Therefore, we affirm the trial court’s ruling. We do so, however, with the request that federal prison authorities consider crediting the time appellant served in state custody against his federal sentence.
The record in this case reflects that on April 24, 1995, appellant pled guilty to federal charges of possession of a firearm by a convicted felon. On August 4, 1995, appellant was sentenced to serve 10-year concurrent sentences for the federal offenses. The federal presentence report noted that state charges were then pending against appellant. On August 16, 1995, appellant entered into a plea agreement with the State of Florida. Under the terms of the plea agreement, appellant pled guilty to three state charges and was sentenced to serve concurrent 5-year sentences, with the state sentences to be served in federal custody and to run concurrently with the 10-year federal sentences.
The record further reflects that at the conclusion of the sentencing proceeding, the trial court asked the clerk whether the sentencing disposition was recorded in a *102 manner that would show the state sentences were to be served concurrently with the federal sentences, and in federal custody. Unfortunately, the state sentencing documents were ineffective to set in motion a procedure whereby the United States Bureau of Prisons would acquire custody of appellant from the Florida Department of Corrections.
When appellant realized the plea agreement was not being carried out, he first sought relief through administrative channels. When these efforts proved unsuccessful, the pro se appellant began filing various motions in an effort to obtain compliance with the agreement. Each motion was denied on technical grounds, for failure to comply with the procedural requirements of the Florida Rules of Criminal Procedure.[1] Appellant filed a notice of appeal of the order denying his motion for clarification and correction, but the appeal was dismissed for failure to pay a filing fee and failure to obtain leave to appeal in forma pauperis.[2]
Section 921.16(2), Florida Statutes, has been construed as investing the Department of Corrections with discretion regarding placement of inmates serving sentences from multiple jurisdictions. The statute indicates the trial court lacks authority to order the Department of Corrections to permit an inmate to serve his Florida sentence concurrently with a federal sentence through transfer to a federal prison. See Doyle v. State, 615 So.2d 278 (Fla. 3d DCA 1993), cert. denied, 511 U.S. 1007, 114 S.Ct. 1376, 128 L.Ed.2d 52 (1994); Schlosser v. Singletary, 597 So.2d 304 (Fla. 2d DCA 1991). Nevertheless, where a condition of a guilty plea is that the defendant will serve the agreed-upon state sentence in federal prison concurrently with a longer federal sentence, the defendant is entitled to post-conviction relief if the terms of the agreement are not met. See Taylor v. State, 710 So.2d 636, 637 (Fla. 3d DCA 1998). See also Hunt v. State, 613 So.2d 893, 898 (Fla.1992).
The record is clear that the parties to the plea agreement intended appellant’s state sentences to be served concurrently with his lengthier federal sentences, and in federal custody. Because the sentencing documents were ineffective to establish that the Florida Department of Corrections was authorized to transfer appellant to the custody of the United States Bureau of Prisons, appellant has served his 5-year state sentences entirely in state custody. The practical effect of what has occurred is that, absent consideration by the Bureau of Prisons, appellant will serve 15-year sentences, rather than the 10-year sentences the parties intended when the agreement was entered into between appellant and the state, and accepted by the trial court. Since appellant has been incarcerated in the custody of the Florida Department of Corrections since August 16, 1995, there is no appropriate state procedural device available to give effect to the plea agreement.
We are cognizant that the federal magistrate in the Gainesville Division of the United States District Court for the *103 Northern District of Florida is aware of appellant’s situation, and of his apparent entitlement to relief, which relief might involve a nunc pro tunc designation of the state prison as the place of federal confinement. See Barden v. Keohane, 921 F.2d 476 (3rd Cir.1990). While we are constrained to affirm the trial court’s order denying relief, we do so with the request that the federal authorities will recognize the original intent of the plea bargain, i.e., that appellant’s state sentence would be served in federal custody, concurrently with the federal sentence previously imposed.
Accordingly, the trial court’s ruling is affirmed.
JOANOS, PADOVANO and BROWNING, JJ„ concur.

. For example, in February 1997, appellant filed a motion for clarification and/or correction of his sentence to comply with the plea bargain. Although the motion was not prepared in the form prescribed for rule 3.850 motions, it contained the essential information required by the rule, including a proper oath and notarization. In the order denying the motion, the trial court declined to treat the motion as a rule 3.850 motion, but the denial was without prejudice to seek relief pursuant to rule 3.850. In the same order, the trial court recognized that appellant might be entitled to withdraw his plea.

.’ The specific instances which we mention are a small sampling of appellant's numerous, albeit unsuccessful, efforts to gain compliance with the plea agreement. In some of the orders denying the requested relief, the trial court provided guidance toward the preparation of a motion which would conform to the requirements of the Rules of Criminal Procedure. Despite the trial court’s effort, each of appellant’s motions was rejected as flawed in some particular.