776 So.2d 330 (2001)
William R. GLENN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2821.
District Court of Appeal of Florida, Fourth District.
January 17, 2001.
*331 William R. Glenn, Arcadia, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
William R. Glenn, a pro se inmate, appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.
In his motion, Glenn alleged that at his sentencing hearing in state court he advised the court that he had been sentenced to serve 23 years in federal prison with a possible reduction in his sentence for substantial assistance he had yet to provide. Accordingly, Glenn asked the trial court to order his state sentence to run concurrent to his federal sentence and the trial court did so. Glenn's sentencing records reflect that his state sentences should run concurrent with any active sentence.
Since his sentencing in state court, Glenn learned that he would not be transported to federal prison, but would be required to first serve his state sentence, and then would be transferred to serve his federal sentence. Accordingly, Glenn filed his motion for postconviction relief pursuant to rule 3.850 asking for an order allowing him to proceed to trial.
In the action below, the state responded to Glenn's motion contending the Department of Corrections, under section 921.16(2), Florida Statutes, is given the discretion to determine the placement of inmates serving sentences from multiple jurisdictions. Moreover, the state maintained that the statute indicates the trial court lacks the authority to order the Department of Corrections to permit an inmate to serve his Florida sentence concurrently with a federal sentence through transfer to a federal prison. See Doyle v. State, 615 So.2d 278 (Fla. 3d DCA 1993), cert. denied, 511 U.S. 1007, 114 S.Ct. 1376, 128 L.Ed.2d 52 (1994); Schlosser v. Singletary, 597 So.2d 304 (Fla. 2d DCA 1991).
The trial court, adopting the state's response, summarily denied Glenn's motion. We reverse and remand for further proceedings.
Where a condition of a guilty plea is that the defendant will serve the agreed-upon state sentence in federal prison concurrently with a longer federal sentence, the defendant is entitled to postconviction relief if the terms of the agreement are not met. See Taylor v. State, 710 So.2d 636, 637 (Fla. 3d DCA 1998).
In Taylor, as in the case at bar, where it was the understanding of all the parties that the defendant would serve his state sentence in federal prison concurrent with his longer federal sentence, he was transported to state prison to first complete his state sentence. The Third District reversed and remanded with directions:
Because, under Doyle v. State, 615 So.2d 278 (Fla. 3d DCA 1993), review denied, 629 So.2d 132 (Fla.1993), cert. denied, 511 U.S. 1007, 114 S.Ct. 1376, 128 L.Ed.2d 52 (1994), the trial court cannot order the Department of Corrections to allow the defendant to serve his state time in federal custody, we conclude it is appropriate that the trial court forthwith vacate the sentence already imposed and provide instead either that the sentence be suspended under the rule that this may be permitted in extraordinary circumstances like these, or, at the appellant's option, to enter a sentence of "time served" or simply permit him to *332 withdraw his plea. (citations and footnotes omitted).
Here, where the facts are substantially similar to those considered by the Third District in Taylor, we reverse the trial court's summary denial of Glenn's motion and remand for further proceedings consistent with those provided for in Taylor.
REVERSED and REMANDED.
DELL, SHAHOOD and HAZOURI, JJ., concur.