845 So.2d 1019 (2003)
Donald A. HUTCHINSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-28.
District Court of Appeal of Florida, Third District.
May 28, 2003.
Bennett H. Brummer, Public Defender, and Roy A. Heimlich, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Jason Helfant, Assistant Attorney General, for appellee.
Before COPE, SHEVIN and WELLS, JJ.
COPE, J.
Donald A. Hutchinson appeals an order denying his motion for postconviction relief. We reverse.
Defendant-appellant Hutchinson was sentenced to a ten-year term in federal prison. He was transferred to state court to face pending Florida charges. These were Miami-Dade County Circuit Court Case Nos. F01-35156 and F00-41336. The defendant entered into a plea bargain for a five-year term in each of the two state cases, the sentences to run concurrently with each other and concurrently with the federal sentence. It was clearly contemplated that upon pronouncement of sentence in the state court cases, the defendant would be returned to federal prison to resume serving his federal sentence.
Instead, the defendant was transported to the Florida prison system where he has begun serving his state sentences. Since there has been no agreement by the federal authorities to give him credit against the federal sentence for time spent in the state prison system, he now has as a practical matter a five-year term of incarceration in the Florida system, after which he would be returned to the federal system to serve the remainder of his federal ten-year term. This would amount in total to approximately *1020 fifteen years, which is contrary to the plea bargain.
The defendant argues, and we agree, that the defendant is entitled to specific performance of the Florida plea agreement. Taylor v. State, 710 So.2d 636, 637 (Fla. 3d DCA 1998). As permitted by the Taylor decision, the defendant requests that he be sentenced to time served on the Florida cases, so that he may be returned to federal custody for completion of his federal sentences. Id.
Accordingly, we reverse the order denying postconviction relief and remand with directions to resentence the defendant to time served on the Florida cases. The defendant is then to be returned to federal custody for completion of his federal sentence.
Reversed and remanded.