852 So.2d 355 (2003)
Terry DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-2630.
District Court of Appeal of Florida, Fifth District.
August 15, 2003.
*356 James B. Gibson, Public Defender, and Kevin R. Holtz, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, C.J.
Terry Davis seeks review in this court of an order denying his motion to modify his sentence. In his motion, Davis asked the trial court to modify his sentence to effectuate the sentence originally contemplated. The trial court instead gave Davis the option of withdrawing his plea and going to trial, prompting Davis to attempt to appeal. Because we lack jurisdiction, we must dismiss the appeal, but we do so without prejudice to Davis to file a Florida Rule of Criminal Procedure 3.850(b) motion for postconviction relief.
While serving a sentence in federal prison, Davis was transported to Orange County where he pled guilty to two counts of grand theft of a motor vehicle. The trial court imposed a five-year prison sentence to be served concurrently with the federal sentence Davis was presently serving, explaining to Davis that he was "getting a free crime" because he would be "serving both sentences at the same time, which is a benefit to you." After sentencing, Davis was placed in the state prison system, where he was apprised by officials that the only way he could get credit towards his federal sentence would be for him to serve that time in a federal prison. Davis timely filed a motion to modify his sentence, alleging that he would serve his entire five-year state sentence in Florida and only then be transported to a federal institution to serve his two-year federal sentence, resulting in a total incarceration time of seven years instead of the five-year total sentence contemplated at sentencing.
A hearing was held on Davis's motion. Because Davis was not getting the bargain he had made at the time he was sentenced, *357 the trial court decided that it would allow Davis to withdraw his pleas and go to trial on the two charges. Defense counsel objected on the basis that Davis did not want to withdraw his pleas; rather, Davis wanted the sentence modified so that it comport with the sentence originally contemplated. The court refused to modify the sentence, stating that it would only allow Davis the opportunity to withdraw the pleas and go to trial before a judge unfamiliar with the case.
The sentence originally imposed was the result of a trilateral mistake: the prosecutor, defense counsel and the sentencing judge all thought that the state sentence could be imposed to run concurrently with the federal sentence and that the sentence imposed would be binding on the federal authorities. Although trial courts have the statutory authority to impose a sentence that is to be served concurrently with a sentence imposed by another state or federal court, the Department of Corrections has discretionary authority regarding the placement of an inmate sentenced to serve multiple sentences. § 921.16(2), Fla. Stat. (2002). Herein lies the problem: if the Department of Corrections decides to place such an inmate in a Florida prison first, like it did with Davis, the Florida sentence will be served before the inmate is transferred to serve the federal sentence in a federal prison where the order of concurrent sentence imposed by the state court is not binding on the federal correctional authorities or courts.[1] Hence, an order providing that a state sentence is to be served concurrently with a federal sentence is really only a recommendation. Doyle v. State, 615 So.2d 278 (Fla. 3d DCA), review denied, 629 So.2d 132 (Fla.1993), and cert. denied, 511 U.S. 1007, 114 S.Ct. 1376, 128 L.Ed.2d 52 (1994).
The court in Taylor v. State, 710 So.2d 636 (Fla. 3d DCA 1998), formulated the appropriate remedy to resolve this problem when it held that the trial court should "forthwith vacate the sentence already imposed and provide instead either that the sentence be suspended ... or, at the [defendant's] option, to enter a sentence of `time served' or simply permit him to withdraw his plea." Id. at 637 (citations omitted) (footnotes omitted); see also Hutchinson v. State, 845 So.2d 1019 (Fla. 3d DCA 2003); Glenn v. State, 776 So.2d 330 (Fla. 4th DCA 2001). Accordingly, the trial court's "take it or leave it" offer to allow Davis to withdraw his plea and go to trial or be stuck with what are essentially consecutive sentences was not the correct solution to the problem.
Unfortunately, we are unable to grant Davis the relief that he apparently deserves because an order denying a motion to modify sentence is not an appealable order. See Pace v. State, 776 So.2d 1035 (Fla. 4th DCA 2001) (citing Adams v. State, 487 So.2d 1209 (Fla. 4th DCA 1986)). Therefore, although we are constrained to dismiss this appeal, we do so without prejudice to Davis to file an appropriate motion for postconviction relief seeking an appropriate remedy pursuant to Taylor. See Ahedo v. State, 837 So.2d 613 (Fla. 5th DCA 2003).
DISMISSED.
PLEUS and TORPY, JJ., concur.
NOTES
[1] See United States v. Smith, 972 F.2d 243 (8th Cir.1992), cert. denied, 507 U.S. 936, 113 S.Ct. 1326, 122 L.Ed.2d 711 (1993); see also Taylor v. Sawyer, 284 F.3d 1143 (9th Cir. 2002), cert. denied, 537 U.S. 1119, 123 S.Ct. 889, 154 L.Ed.2d 799 (2003).