PER CURIAM.
This is an appeal from the following order, which we find correctly states and resolves the issues presented:
ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT’S MOTION FOR POST-CONVICTION RELIEF:
* * *
Case No. 00-25930A
On January 7, 2002, entered a plea in Case No. 00-25930A and was sentenced to forty-one months in state prison with a three year minimum mandatory sentence due to the firearm enhancement. At the time of sentencing, the judge specifically stated that the sentence would run concurrent with the sentence he was serving in the federal case. (See transcript of plea colloquy, Case No. 00-25930A, p. 8-11). However, the judge specifically warned the Defendant at the time of his sentencing:
THE COURT: Mr. Anthony will continue to stay in state custody until he is released from here to go to federal prison. So he may not begin getting his credit for the federal sentence. I don’t have anything to do with that, but he is getting full credit for the 41 months here, and once — if he is ever released from here to go to federal prison, if he still has time to serve on his 41 months, then he will do it. Got it?
THE DEFENDANT: Yes sir.
(See transcript of plea colloquy, p. 11)
Case No. 00-39718
On March 1, 2002, the Defendant entered a plea in Case No. 00-39718 and was sentenced to forty-six months in state prison. The judge specifically advised the Defendant that the sentence would run “concurrent and coterminous with the federal sentence” of forty-six months which had already been imposed in 01-137-CR-Graham (see transcript of plea colloquy, Case No. 00-39718, p. 4) The judge made it clear that the intent of the sentence was that the Defendant would not serve more time on the federal sentence than on the state sentence (see transcript of plea colloquy, Case No. 00-39718, p. 6,19).
Case No. 00-39710E
On July 10, 2002, the Defendant was sentenced to four years in state prison followed by one year of probation. The *30 judge ordered the sentence to run concurrent with his forty-six month sentence in 00-39718 and “with whatever federal sentence you were sentenced to” (see transcript of plea colloquy, Case No. 00-39710E, p. 6). However, the judge made it very clear that the sentence in this case was not to run coterminous with his federal sentence:
THE COURT: Okay. Do you have any other questions that you want to ask me that have not been answered as of this time?
THE DEFENDANT: Yes, sir.
THE COURT: What?
THE DEFENDANT: I want coterminous, concurrent.
THE COURT: Your sentence runs concurrent and coterminous — concurrent but not coterminous with the other two cases that I told you, the other state case and the federal case. You understand that?
THE DEFENDANT: Uh-huh. Yes sir.
(See transcript of plea colloquy, p. 10-11)
$ ‡ ‡
THE COURT: Any other questions you want to ask me?
THE DEFENDANT: Yes sir.
THE COURT: What?
THE DEFENDANT: I want to go back to the federal. I want them to notify the marshal.
THE COURT: I don’t have any responsibility for doing anything other than sentencing you today. I have no jurisdiction to tell the federal government when to pick you up, how to pick you up, when to take you.
You need to understand the following thing: Your contacts with the federal government are between you and the federal government. They are not between me and the federal government. I cannot order the federal government to do anything.
And the fact that I am telling you this case will run concurrent and coterminous with the federal case or concurrent with the federal case but not coterminous with the federal does not necessarily mean that the federal government has to agree to that.
If the federal government has not previously agreed to run your federal case concurrent with the state court case, you have a problem that I have no jurisdiction over.
In other words, you could finish serving your two state sentences and then the federal government could pick you up and take you into federal custody.
Do you understand that?
THE DEFENDANT: Yes, sir.
THE COURT: And with that in mind, you still want to enter this plea?
THE DEFENDANT: Yes sir.
(See transcript of plea colloquy, pps. 12-14)
In Hutchinson v. State, 845 So.2d 1019 (Fla. 3d DCA 2003), the defendant accepted a plea for a state prison sentence to run concurrently with his federal sentence. In that case, it was clearly contemplated that upon the pronouncement of his state court sentence, he was to be returned to federal prison to resume serving his federal sentence. Because this did not happen, the Third District found that he was entitled to specific performance of the Florida plea agreement and remanded the case with directions to resentence the defendant to credit for time served, then to be returned to federal custody to complete his sentence. This same analysis would apply to the Defendant’s sentence in Case No. 00-39718, since the judge stated that it was his intention that the Defendant serve no more time on his *31 state sentence than his federal sentence. However, the analysis would not apply in Case Nos. 00-25930A and 00-39710E, since the judge specifically warned the Defendant that he could not control what the federal authorities did, and that the Defendant could very well serve his entire state sentence before being transferred to federal custody to serve that sentence. The Defendant accepted the pleas in both cases knowing the possible consequences with regards to the federal sentence.
For reasons stated herein, it is hereby
ORDERED AND ADJUDGED that the Defendant’s Motion for Postconviction Relief as to Case No. 00-39718 is GRANTED, and the Defendant’s sentence of forty-six months in prison entered in that case is vacated, and he is resentenced as a Habitual Offender to credit for the time he has served in custody on this case since December 15, 2000; it is further
ORDERED that the Defendant’s Motion for PosNConviction Relief as to Case Nos. 00-25930A and 00-39710E is DENIED.
Affirmed.