ON MOTION FOR REHEARING DENIED

FLETCHER, Judge.
Rocco Napolitano seeks rehearing of this court’s denial of his petition for man *1291 damus to compel the trial court to direct Napolitano be transferred to serve the remainder of his state sentence in federal custody. We deny rehearing.
Napolitano was not under federal charges and not subject to a federal sentence at the time of his state plea and sentencing. Napolitano was therefore not within the jurisdiction of the federal court system or the Federal Bureau of Prisons. Furthermore, even if Napolitano was subject to a federal sentence, the state court is without authority to order that he concurrently serve his state sentence in federal custody. See Doyle v. State, 615 So.2d 278 (Fla. 3d DCA), rev. denied, 629 So.2d 132 (Fla.1993), cert. denied, 511 U.S. 1007, 114 S.Ct. 1376, 128 L.Ed.2d 52 (1994)(beeause the Department of Corrections has been given authority regarding placement of state prisoners, the trial court does not have the authority to order that a Florida sentence be served concurrently with another jurisdiction’s sentence.) Such an order is deemed a recommendation only. Davis v. State, 852 So.2d 355, 357 (Fla. 5th DCA 2003)(“[a]n order providing that a state sentence is to be served concurrently with a federal sentence is really only a recommendation.”). Here, Napolitano did not even have a federal sentence to serve, and was in federal custody merely as a witness to a federal offense. Nevertheless, it was agreed by all parties at Napoli-tano’s plea hearing that the sentencing court would issue a recommendation that Napolitano serve his time in a federal facility. This the court did.
Napolitano is also not entitled to relief pursuant to Taylor v. State, 710 So.2d 636 (Fla. 3d DCA 1998). Unlike Napolitano, the defendant in Taylor was subject to a federal sentence as well as a state sentence; concurrent service of those sentences in a federal prison was made a condition of his plea, which condition was violated by the state. Under those circumstances, specific performance of the plea bargain or permission to withdraw the plea was an appropriate remedy. Here, Napolitano is not subject to a federal sentence; the parties requested, and the court made, a recommendation only; and the trial court had no legal authority to enforce the recommendation. Napolitano is therefore not entitled to the relief he seeks.
Rehearing denied.