ROTHENBERG, J.
The defendant, Sharrod Rodgers a/k/a Sherrod Rodgers, appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for further proceedings consistent with this opinion.
In his postconviction motion, Rodgers alleges that he pled guilty to several offenses in lower tribunal case numbers 09-1982 and 09-17112, and during the sentencing hearing, the trial court sentenced him to three years in prison, agreeing that the state sentence would run concurrent to a longer federal sentence, and that he would serve the three-year state sentence in federal prison. Following the sentencing, Rodgers began to serve his sentence in state prison, not federal prison. Thereafter, Rodgers filed a “Nunc Pro Tunc Designation,” requesting that the Federal *350 Bureau of Prison transfer him from state prison to a federal prison to serve his concurrent federal and state sentences, but the Federal Bureau of Prison did not respond. Rodgers requested the following relief in his postconviction motion: (1) transfer to federal prison to allow him to concurrently serve the state and federal sentences; (2) modify his state sentence to time served or suspend his state sentence, and then release him to federal authorities; or (3) any other relief this Court deems just and proper.
This Court ordered the State to file a response as to why the relief sought by Rodgers should not be granted. In response, the State conceded that the allegations in Rodgers’ motion for postconviction relief are facially sufficient, and therefore, the trial court erred by summarily denying the motion. See Glenn v. State. 776 So.2d 330, 331 (Fla. 4th DCA 2001) (“Where a condition of a guilty plea is that the defendant will serve the agreed-upon state sentence in federal prison concurrently with a longer federal sentence, the defendant is entitled to post conviction relief if the terms of agreement are not met.”) (citing Taylor v. State, 710 So.2d 636, 637 (Fla. 3d DCA 1998)).
Following the State’s response, this Court ordered the clerk of the Miami-Dade circuit court to supplement the record with the sentencing transcript and clerk’s minutes. Although the clerk’s minutes were submitted to this Court, the transcript of the sentencing hearing is unavailable because the court reporter’s notes cannot be retrieved “due to a malfunction.” Based on our review of the clerk’s minutes, we find that Rodgers accurately alleged that the trial court agreed that he would serve his state sentence in federal prison concurrent with his longer federal sentence. Accordingly, we reverse the denial of his motion for postconviction relief, and remand for further proceedings as set forth in Taylor:
Because ... the trial court cannot order the Department of Corrections to allow the defendant to serve his state time in federal custody, we conclude it is appropriate that the trial court forthwith vacate the sentence already imposed and provide instead either that the sentence be suspended under the rule that this may be permitted in extraordinary circumstances like these, or, at the appellant’s option, to enter a sentence of “time served” or simply permit him to withdraw his plea.
Taylor, 710 So.2d at 637 (citations omitted) (footnotes omitted).
Reversed and remanded with instructions.