# Third District Court of Appeal

## State of Florida

Opinion filed September 10, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-197
Lower Tribunal Nos.
11-29078A, 11-19137, 11-19136, 11-19134, 09-17826

_____


**The State of Florida,**
Appellant,

vs.

**Graylin Kelly,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Leon M. Firtel, Judge.

Pamela Jo Bondi, Attorney General, and Joanne Diez, Assistant Attorney General, for appellant.

Carlos J. Martinez, Public Defender, and James Moody, Assistant Public Defender, for appellee.

Before WELLS, EMAS and SCALES, JJ.

<u>CORRECTED OPINION</u>

WELLS, Judge.

We withdraw the opinion issued on May 21, 2014, and substitute the following corrected opinion in its place.

The State of Florida appeals from a thirty year suspended sentence imposed following an open plea of guilty to four separate armed robberies, each of which carries a minimum mandatory sentence. Because the sentence imposed is illegal, we reverse and remand to allow the defendant to withdraw his plea and/or to be resentenced.

While on probation for grand theft of a vehicle in case number F09-17826, Graylin Kelly was arrested for and charged with having committed seventeen separate robberies with a firearm. Nine of these charges were prosecuted by the United States of America in federal court where a thirty-two year sentence (which included a minimum mandatory sentence of twenty-seven years) was imposed. The eight remaining cases were prosecuted in state court, where four were dropped after Kelly demanded speedy trials.

On January 14, 2013, the first of these four cases (F11-019136)[1] was called for trial. Following extensive discussions about how to structure a sentence that

_____

[1] Kelly was charged in this case with robbing Anne Mompoint on July 15, 2011 with a gun. In F11-019134, Kelly was charged with robbing a store on July 19, 2011 with a gun; in F11-019137, he was charged with robbing Arsay Gonzales on July 16, 2011 with a gun; and in Fll-029078A, he was charged with robbing a different store with a gun. Kelly was also charged with displaying a firearm while committing a felony in this case.

would run concurrent with Kelly's federal sentence and that would allow Kelly to serve all of this sentence in federal prison, the State offered Kelly concurrent bottom of the guidelines sentences of 13.6 years in each of the four remaining cases, each with a ten year minimum mandatory, with each sentence to run concurrent with each other. When Kelly rejected this offer, which in effect would require that he serve ten years in state prison before beginning to serve his federal sentence, the State withdrew from negotiations and declared that it was ready for trial.

The trial court thereafter, over the State's objection, offered to impose concurrent sentences of thirty years in state prison on each of the armed robbery charges; the court also offered to impose a fifteen year sentence for displaying a firearm while committing a felony and a five year sentence on the probation violation charge in case F09-17826 with all sentences to run concurrent. The court advised that it intended to suspend all of these sentences so that Kelly's state "sentences" would run concurrent with his federal sentence and that he would serve all of his sentences in federal prison.

Kelly then pled guilty to the charges in each of these cases and was sentenced to a thirty-year suspended sentence for all of the cases pending against him. The State appeals, claiming the sentence is illegal because a sentence cannot be suspended where no probation has been imposed. Kelly counters arguing that

3

the sentence is legal under <u>Taylor v. State</u>, 710 So. 2d 636 (Fla. 3d DCA 1998), and its progeny. While we agree with neither position, we nonetheless find that the sentence imposed is illegal and must therefore be reversed.

Section 775.087 of the Florida Statutes clearly states that a conviction for robbery while possessing a firearm carries a ten-year minimum prison sentence, a sentence which cannot be suspended:

> (2)(a)1. Any person who is convicted of a felony or an attempt to commit a felony, regardless of whether the use of a weapon is an element of the felony, and the conviction was for . . . Robbery . . . and during the commission of the offense, such person actually possessed a "firearm" or "destructive device" as those terms are defined in s. 790.01, shall be sentenced to a minimum term of imprisonment of 10 years . . . .
>
>     . . . .
>
> (b) . . . Notwithstanding s. 948.01, adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, and the defendant is not eligible for statutory gain-time . . . prior to serving the minimum sentence.

§ 775.087(2)(a) 1.c, (b), Fla. Stat. (2014).

While section 27.366 of the Florida Statutes accords prosecutors with the discretion to waive imposition of minimum mandatory sentences, such leeway has not been accorded to the courts. § 27.366, Fla. Stat. (2014) ("It is also the intent of the Legislature that prosecutors should appropriately exercise their discretion in those cases in which the offenders' possession of a firearm is incidental to the commission of a crime and not used in furtherance of the crime, used in order to

commit the crime, or used in preparation to commit the crime."); State v. Vanderhoff, 14 So. 3d 1185, 1189 (Fla. 5th DCA 2009) (confirming that section 775.087(2) of the Florida Statutes removed most sentencing discretion from the judicial branch, according only the State Attorney with the discretion to waive a minimum mandatory sentence); Johnson v. State, 53 So. 3d 360, 362 (Fla. 5th DCA 2011) (confirming that "the imposition of a mandatory minimum sentence under section 775.087(2) is a non-discretionary duty of a trial court where the record reflects that the defendant qualifies for mandatory minimum sentencing").

The record in this case is that the State Attorney did not agree to waive the minimum mandatory sentences that section 775.087(2) required be imposed following Kelly's acknowledgement of guilt to commission of four separate robberies while possessing a firearm. The court below was, therefore, without authority either to impose any sentence without also imposing the mandated minimum mandatory sentence required by section 775.087 or to suspend those sentences.[2]

This court's decision in Taylor and the decisions in Glenn v. State, 776 So. 2d 330 (Fla. 4th DCA 2001), Davis v. State, 852 So. 2d 355 (Fla. 5th DCA 2003), Sadler v. State, 980 So. 2d 567 (Fla. 5th DCA 2008), and Rodgers v. State, 76 So.

---

[2] We also note that the court's decision to suspend the sentences constituted a downward departure sentence for which no valid justification was provided. State v. Brannum, 876 So. 2d 724, 725 n.1 (Fla. 5th DCA 2004).

5

3d 349 (Fla. 3d DCA 2011), relied on by Kelly in his brief, have no bearing on this determination. In Taylor, this court utilized an exception to the general rule that a sentence may be suspended only as an incident to probation, which exception applies where extraordinary circumstances exist. See Taylor, 710 So. 2d at 637 (citing Helton v. State, 106 So. 2d 79 (Fla. 1958)); see also State v. Mazza, 948 So. 2d 872, 874 (Fla. 4th DCA 2007) ("Since at least 1941, a trial court has lacked authority to suspend or withhold indefinitely the imposition of sentence upon a convicted defendant except as an incident to probation under the provisions of Chapter 948, Florida Statutes."). However, in doing so we noted that "all parties to the appellant's entry of a guilty plea [understood] that he would serve the agreed seven year sentence in federal prison concurrent to a longer federal sentence." Taylor, 710 So. 2d at 637. Similar understandings were reached by "all" parties in Glenn and Sadler. There was no such understanding amongst all of the parties in this case because the State—the only entity that could waive the minimum mandatory sentences—refused to agree to it. And while the decisions in Davis and Rodgers suggest that no plea agreements with the State were involved, from the sentences involved (five years for grand theft of a motor vehicle in Davis and a three year sentence in Rodgers) it appears that no minimum mandatory sentences had to be imposed. In sum, not one of these decisions suggests, much less holds, that where an open plea is entered on a charge which carries a minimum

mandatory sentence that a trial court may unilaterally waive that sentence and/or suspend it.

Thus, because the sentence imposed below is illegal, it must be reversed. Nevertheless, because "Florida Rule of Criminal Procedure 3.172(c)(1) requires that the trial judge determine that a defendant understands the reasonable consequences of the plea, including 'the maximum possible penalty, and any mandatory minimum penalty provided by law,'" Kelly should be allowed to withdraw his plea on remand if he so chooses. Vanderhoff, 14 So. 3d at 1189 (quoting Fla. R. Civ. P. 3.172(c)(1)). Accordingly, the sentences imposed in this case are reversed and the matter remanded for further proceedings consistent with this opinion.

Reversed and remanded.