# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-5170

_____

CORTEZ KWAME JOHNSON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Escambia County.
John L. Miller, Judge.

September 12, 2019

M.K. THOMAS, J.

Cortez Johnson appeals an order denying his motion for post-conviction relief under Florida Rule of Civil Procedure 3.850. He claims his sentence is illegal, and trial counsel was ineffective for failing to fully advise him regarding sentencing. We affirm.

After charging Johnson with multiple offenses, the State extended a plea offer of fifteen years. Johnson and his counsel discussed the minimum possible sentence of ten years and the statutory maximum. Johnson's counsel advised, based on previous sentencing patterns, that the trial court may be lenient and sentence him below the State's offer. Counsel claimed he discussed the drawbacks of a straight up plea, that it may result in a longer sentence, and that the sentencing decision was ultimately up to the trial court. Yet, Johnson declined the State's plea offer.

Thereafter, Johnson pled no contest in a straight up plea to the State charges. His trial counsel requested that the state sentences run concurrently with a ten-year federal prison sentence Johnson was currently serving. The trial court granted counsel's request, and Johnson was sentenced to twenty years in state prison to be served concurrent to his federal sentence. But after sentencing on the state charges, Johnson was moved out of federal prison and into the state prison system to begin serving his state sentence. As a result, Johnson is slated to serve a total of thirty years as he receives no credit against his federal sentence while in state custody.

Johnson filed an Amended Motion for Post-Conviction Relief under Florida Rule of Criminal Procedure 3.850. He asserts his sentence was illegal because he was forced to serve his state prison sentence first and then afterward, begin serving his federal sentence, thus, nullifying the condition that the state and federal sentences be served concurrently. He also claims trial counsel was ineffective for failing to properly advise him regarding his sentence. The trial court denied Johnson's motion.

On appeal, Johnson argues the trial court erred in denying his 3.850 motion because, although the trial court lacked the authority to order the Department of Corrections to allow him to serve his state sentence in a federal prison, the trial court had the authority to vacate the imposed concurrent state sentence, and then either impose a suspended sentence of ten years, enter a sentence of time served allowing him to proceed to federal prison, or allow him to withdraw his plea. We disagree.

Regarding concurrent sentences, Florida Statutes dictate:

> A county court or circuit court of this state may direct that the sentence imposed by such court be served concurrently with a sentence imposed by a court of another state or of the United States, or for purposes of this section, concurrently with a sentence to be imposed in another jurisdiction. In such case, the Department of Corrections may designate the correctional institution of the other jurisdiction as the place for reception and confinement of such person and may also designate the

2

place in Florida for reception and confinement of such person in the event that confinement in the other jurisdiction terminates before the expiration of the Florida sentence.

§ 921.16(2), Fla. Stat. Further, "[a]lthough trial courts have the statutory authority to impose a sentence that is to be served concurrently with a sentence imposed by another state or federal court, the Department of Corrections has discretionary authority regarding the placement of an inmate sentenced to serve multiple sentences." *Davis v. State*, 852 So. 2d 355, 357 (Fla. 5th DCA 2003). Hence, a sentence is not necessarily illegal on the basis that the sentencing judge lacks the authority to impose it. Courts have held, "an order providing that a state sentence is to be served concurrently with a federal sentence is really only a recommendation." *Id.*; *accord Napolitano v. State*, 875 So. 2d 1290 (Fla. 3d DCA 2004); *Doyle v. State*, 615 So. 2d 278 (Fla. 3d DCA 1993), *rev. denied*, 629 So. 2d 132 (Fla. 1993), *cert. denied*, 511 U.S. 1007 (1994).

Thus, Johnson's concurrent sentence was merely a recommendation by the sentencing judge and the discretion to determine how and where the sentence would be served belonged to the Department of Corrections. Johnson relies on *Rodgers v. State*, 76 So. 3d 349 (Fla. 3d DCA 2011) to demonstrate that appellate courts have granted relief in the form of a 3.850 motion to allow sentences to be served as originally intended. However, the appellant in *Rodgers* entered a guilty plea and was given a state sentence to be served concurrent to a federal sentence. *Id.* at 349. The court in *Rodgers* is silent as to whether Rodgers' guilty plea was entered as part of a plea bargain or conditioned upon a certain sentence being imposed. However, it can be inferred, given the court's reliance on *Glenn v. State*, 776 So. 2d 330, 331 (Fla. 4th DCA 2001) ("Where a condition of a guilty plea is that the defendant will serve the agreed-upon state sentence in federal prison concurrently with a longer federal sentence, the defendant is entitled to post conviction relief if the terms of agreement are not met."), that there was a condition attached to Rodgers' guilty plea which was not present in the instant case. *Id.* at 350. Further, the court in *Rodgers* stated, "the State conceded that the allegations in Rodgers' motion for postconviction relief are facially

3

sufficient, and therefore, the trial court erred by summarily denying the motion." *Id.* at 349. Here, the State does not make such a concession.

Similarly, in *Hutchinson v. State*, 845 So. 2d 1019 (Fla. 3d DCA 2003) and *Taylor v. State*, 710 So. 2d 636 (Fla. 3d DCA 1998), the appellants were granted relief pursuant to a 3.850 motion because they were offered plea bargains and their acceptance of those plea bargains was conditioned upon the sentences being concurrent. Here, unlike the appellants in *Rodgers, Hutchinson,* and *Taylor,* Johnson pled no contest in a straight up plea after rejecting the State's plea offer. A 3.850 motion does not provide relief because his sentence is within the statutory minimum and maximum and is, therefore, legal. Further, because Johnson's sentence was not part of a plea bargain and his no contest plea was not based on the condition of concurrent sentencing, the plea was not involuntary. The order on appeal is affirmed.

AFFIRMED.

LEWIS, J., concurs; MAKAR, J., dissents with written opinion.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

MAKAR, J., dissents.

A concurrent federal/state sentence that results in longer than agreed-upon incarceration can be contrary to a plea bargain and thereby be remediable under Florida law. Absent a plea deal, such a sentence can also be contrary to a trial judge's sentencing order and thereby subject to correction to effectuate the trial judge's directive. In the former, a defendant has a reliance interest in the specific enforcement of the plea bargain; in the latter, a defendant, as well as the sentencing judge, has a strong interest in the enforcement of the sentence actually imposed. Here, the trial judge's sentence should be enforced, not because Johnson agreed to it, but because the trial judge ordered it.

4

Under Florida law, a "county court or circuit court of this state may direct that the sentence imposed by such court be served concurrently with a sentence imposed by a court of another state or of the United States," which is a clear statement of legal authority for the type of concurrent state/federal sentence imposed in this case. § 921.16(2), Fla. Stat. (2019). The trial judge sentenced Johnson to a total of twenty years for his state crimes with the condition that his sentence be served concurrent with the ten-year federal sentence he was currently serving. The clear intent of the trial judge's sentencing order was that Johnson not serve more than twenty years overall.

But Johnson was moved from the federal prison into a Florida prison, resulting in a problem. Because he gets no credit towards his federal sentence for time served in the Florida prison, he will be incarcerated a total of *thirty* years—twenty years in a Florida prison and ten in a federal prison—which far exceeds the *twenty* years the trial judge intended and ordered.

Had Johnson's sentence be pursuant to a plea bargain, he would be entitled to relief on the theory of "specific performance" of the plea deal. *See, e.g.*, *Hutchinson v. State*, 845 So. 2d 1019, 1020 (Fla. 3d DCA 2003) (defendant challenging effect of prison transfer on concurrent state/federal sentence "is entitled to specific performance of the Florida plea agreement."); *see also Sadler v. State*, 980 So. 2d 567, 569 (Fla. 5th DCA 2008) (existence of a "federal sentence does not prevent the court from enforcing the State's agreement" and the intent of trial judge that defendant's "state sentence run concurrent with his federal sentence so that he did not receive 'double time.'"); *Glenn v. State*, 776 So. 2d 330, 331 (Fla. 4th DCA 2001) ("Where a condition of a guilty plea is that the defendant will serve the agreed-upon state sentence in federal prison concurrently with a longer federal sentence, the defendant is entitled to postconviction relief if the terms of the agreement are not met."); *Taylor v. State*, 710 So. 2d 636, 637 (Fla. 3d DCA 1998) ("violation of the plea bargain obviously entitles the defendant to 3.850 relief from the sentence").

The appropriate remedy, which was originally set forth in *Taylor v. State* and has been generally followed since, is for the trial court to "vacate the sentence already imposed and provide

5

instead either that the sentence be suspended . . . or, at the appellant's option, to enter a sentence of 'time served' or simply permit him to withdraw his plea." 710 So. 2d at 637 (citations and footnote omitted). The remedy's goal is to configure the defendant's sentence in a way that effectuates the original intent of the sentencing judge's order by ameliorating the problem that arises when an inter-jurisdictional transfer occurs that increases a sentence beyond what was ordered. By suspending a sentence or entering one that accounts for time served, the original intent of the sentencing order can be achieved. For example, if Johnson's twenty-year Florida sentence is suspended at the ten-year mark in a Florida prison, and he serves ten additional years in a federal prison, his total sentence would be the twenty years the trial court ordered.

The type of remedy that *Taylor* implemented is necessary because no authority exists to compel federal prison authorities to cooperate to ensure that state-ordered concurrent sentences are implemented.[1] Likewise, although a "trial court cannot order the Department of Corrections to allow the defendant to serve his state time in federal custody," it can implement a *Taylor*-type remedy to preserve the sentencing order's mandate. *Id.* To do otherwise would be ceding ultimate sentencing authority, a purely-judicial branch power, to the Department. *Moore v. Pearson*, 789 So. 2d 316, 319 (Fla. 2001) (Department "violates the separation of power doctrine when it refuses to carry out the sentence imposed by the court."); *see also* art. I, § 18, Fla. Const. ("No administrative agency

---

[1] In some unique cases, Florida courts have no effective tool other than persuasion. *See, e.g.*, *Colon-Morales v. State*, 743 So. 2d 101, 102-03 (Fla. 1st DCA 1999) (appellate court unable to provide relief under *Taylor* because defendant had already "served his 5-year state sentences entirely in state custody" despite plea agreement that he serve state time concurrently in a federal prison under a ten-year federal sentence; appellate court, however, requested that "federal authorities . . . recognize the original intent of the plea bargain" and consider nunc pro tunc relief); *see also* *Sadler*, 980 So. at 569 (even after applying *Taylor* remedy, "we realize that [Sadler] will probably serve more time than was originally contemplated, but we have exhausted our authority in affording a remedy.").

. . . shall impose a sentence of imprisonment, nor shall it impose any other penalty except as provided by law.").

Some confusion has spawned because of the Department's placement discretion under section 921.16(2), Florida Statutes, which says first that circuit courts may impose concurrent federal/state sentences and secondly that the Department "may designate the correctional institution of the other jurisdiction as the place for reception and confinement of such person and may also designate the place in Florida for reception and confinement of such person in the event that confinement in the other jurisdiction terminates before the expiration of the Florida sentence." § 921.16(2), Fla. Stat. In *Doyle v. State*, 615 So. 2d 278 (Fla. 3d DCA 1993), the Third District concluded that the "language of [subsection (2)]" that "invests in the Department of Corrections discretion regarding the placement of inmates" means that "a trial court does not have the authority to order that a Florida sentence be served concurrently with another jurisdiction's sentence." *Id.* at 278. Under such an interpretation, a "trial court's order is a *recommendation*" only and unenforceable. *Id.* (emphasis added). This interpretation, of course, directly conflicts with subsection (2)'s clear language authorizing a trial court to impose concurrent sentences with other jurisdictions, making *Doyle* a dubious precedent on this point.[2] Indeed, the postconviction court in this case mistakenly believed that a trial court "lack[s] actual authority to order a Florida sentence to be served concurrently

---

[2] The Third District in *Napolitano v. State*, 875 So. 2d 1290, 1291 (Fla. 3d DCA 2004), cited the "recommendation" language from *Doyle*, but did not rely upon it because Napolitano—unlike other concurrent federal-state sentencing cases—"was not under federal charges and not subject to a federal sentence at the time of his state plea and sentencing." The sentencing order merely recommended that Napolitano serve his state time in federal prison, if federal imprisonment were to occur. *Id.* (noting that "Napolitano did not even have a federal sentence to serve, and was in federal custody merely as a witness to a federal offense."). For these reasons, *Napolitano* has no application in this case.

7

with a federal sentence," which is the opposite of what subsection (2) says.

The better view, and one that clarifies *Doyle*, was expressed in *Davis v. State*, 852 So. 2d 355, 357 (Fla. 5th DCA 2003), which noted that the problem with a concurrent state/federal sentence under section 921.16(2) is not that Florida courts are without a remedy to enforce their sentencing orders. Rather, the problem is that such sentencing orders are "*not binding on the federal correctional authorities or courts*. Hence, an order providing that a state sentence is to be served concurrently with a federal sentence is really only a *recommendation*." *Id.* (emphasis added) (citing *Doyle*). As *Davis* explains, because the Florida court's sentencing order is not binding at the federal level, the requirement of concurrent sentences is only a *recommendation to federal officials*. *See generally* Erin E. Goffette, *Sovereignty in Sentencing: Concurrent and Consecutive Sentencing of A Defendant Subject to Simultaneous State and Federal Jurisdiction*, 37 VAL. U. L. REV. 1035, 1088 (2003) (explaining how "even if a state orders that its sentence will run concurrently with an existing federal sentence, the [Federal Bureau of Prisons] can thwart the court's intent" by "allow[ing] the prisoner to remain in state custody for the duration of the state sentence" or denying "a *nunc pro tunc* request for the federal sentence to be credited for the time served in state prison," thereby forcing consecutive sentences).

That said, such an order is not a mere recommendation to *Florida* officials, who have an obligation to provide a remedy. For this reason, the court in *Davis* concluded that the "appropriate remedy" was set forth in *Taylor*; it specifically disavowed forcing the defendant "be stuck with what are essentially consecutive sentences," which "was not the correct solution" in these circumstances. *Id.* Instead, Davis was "to file an appropriate motion for postconviction relief seeking an appropriate remedy pursuant to *Taylor*." *Id. Davis* thereby supports relief for Johnson.

In any event, the Department's discretionary authority as to placement of inmates under subsection (2) cannot trump a trial judge's sentencing order; otherwise the Department—rather than the trial judge—would control the length of a sentence. As an example, a state sentencing order mandating concurrent 10-year

state and federal sentences envisions a total of ten years imprisonment; if the Department, by its administrative placement decisions, can effectively transform the 10-year sentence mandated by the trial judge into a 20-year sentence, that violates separation of powers principles by ceding to the Department sentencing power reserved solely to the judiciary. *See Pearson v. Moore*, 767 So. 2d 1235, 1237 (Fla. 1st DCA 2000) (Department violated separations of powers by "allegedly transform[ing] what was effectively a five-year term of incarceration into a term of incarceration more than twice as long."), *approved and remanded*, 789 So. 2d 316 (Fla. 2001). As this Court noted in *Pearson*, sentencing "is an exclusively judicial function" and a "power, obligation, and prerogative of the courts, not [the Department]." 767 So. 2d at 1237-38.

The remaining question is whether the remedy in *Taylor* applies where a defendant pleads guilty and a concurrent federal/state sentence is imposed but no plea agreement was reached. In *Rodgers v. State*, 76 So. 3d 349, 349 (Fla. 3d DCA 2011), the Third District reviewed a post-conviction motion involving a defendant who "pled guilty to several offenses" and "during the sentencing hearing, the trial court sentenced him to three years in prison, agreeing that the state sentence would run concurrent to a longer federal sentence, and that he would serve the three-year state sentence in federal prison." *No plea deal was mentioned.* Because sentencing records showed that "the trial court agreed that [defendant] would serve his state sentence in federal prison concurrent with his longer federal sentence" the matter was remanded with instructions to apply the remedy in *Taylor. Id.* at 350. *Rodgers* thereby supports Johnson's request for relief, notwithstanding its citation to a plea bargain case.

No case has denied relief under *Taylor* in a no-plea bargain case and *Rodgers*, on its face, supports relief.

Plus, as a matter of logic, the specific enforcement of a trial court's sentencing order in a plea bargain case ought not be any different from the specific enforcement of the same order in a non-plea bargain case; a strong case for enforcement exists in both situations. In the latter, the order is *solely* the trial judge's independent exercise of sentencing authority, rather than a

9

ratification of the parties' agreement. Enforcing a trial judge's order that effectuates a plea agreement protects a defendant's reliance interest, but isn't it just as important that the specific intent of trial judges in their exercise of independent sentencing authority be upheld? Here, the trial judge clearly wanted a stern sentence, imposing twenty years (which exceeded the fifteen years the state had offered, of which the judge was aware). But he likewise made clear that the twenty years was to be concurrent with the federal sentence, a fact the post-conviction court highlighted, noting that the trial judge "intended the Defendant to serve a *total* sentence of 20 years." Nothing in the record establishes that the trial judge would have imposed a thirty-year state sentence, the one Johnson now faces, making it all the more important that relief be afforded.

The post-conviction court, understandably concerned that that trial court's intent was being thwarted, suggested non-judicial discretionary remedies ("The Court requests and is hopeful that the federal authorities will recognize the sentencing judge's intent that the Defendant's state sentence be served concurrently with the federal sentence previously imposed."). The better remedy is a judicial one, as specified in *Taylor*, which should apply in this case to directly enforce the trial judge's stated intention. *Anthony v. State*, 877 So. 2d 28, 30-31(Fla. 3d DCA 2004) (applying remedy in *Taylor* "since the judge stated that it was his intention that the Defendant serve no more time on his state sentence than his federal sentence.").

———————————————

Andy Thomas, Public Defender, and A. Victoria Wiggins, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Bryan Jordan, Assistant Attorney General, Tallahassee, for Appellee.