DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALBERT S. JONES SAYE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-2932

[February 12, 2020]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Kirk Volker, Judge; L.T. Case Nos. 2017CF010765AXXMB, 2017CF010845AXXMB, and 2017CF010846AXXXMB.

Albert S. Jones Saye, Milton, pro se.

Ashley Moody, Attorney General, Tallahassee, and Allan R. Geesey, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We reverse the order summarily denying Appellant's timely motion for postconviction relief and remand for further proceedings.

As conceded by the state in its response below, appellant's negotiated plea in these cases contemplated that the sentences would be concurrent with his longer sentences in a federal case. As in *Glenn v. State*, 776 So. 2d 330 (Fla. 4th DCA 2001), appellant was not transported to federal custody after sentencing, and as a result, the intent of the plea agreement was frustrated as he will be required to complete his state sentences before being transferred to begin serving his federal sentences.

"Where a condition of a guilty plea is that the defendant will serve the agreed-upon state sentence in federal prison concurrently with a longer federal sentence, the defendant is entitled to postconviction relief if the terms of the agreement are not met." *Id.* at 331. Here, the plea agreement was conditioned on the state sentences running concurrently with the federal sentences.

We disagree with the trial judge's reasoning and the state's argument on appeal that the record conclusively refutes the claim. After accepting the plea, when appellant asked for confirmation that the sentences would be concurrent with the federal sentences, the trial judge stated that she could not "control what the federal authorities do" and that the judge had authority only over the state court cases.

In denying the postconviction motion, the trial court concluded that this post-plea exchange shows that appellant was aware of the risk in accepting the negotiated plea. However, the record shows that the plea agreement that the court accepted expressly provided that the state sentences would be concurrent with the federal sentences that appellant was serving. Appellant was in federal custody at the time, and his plea bargain was specifically conditioned on the state court sentences being concurrent with the federal sentences. The violation of the plea agreement entitles appellant to relief, and the trial judge's statements to appellant – after the plea had already been entered and accepted by the court – did not change the terms of the bargain. Appellant timely brought this motion within two years of the judgment becoming final and after it became clear that the terms of the plea bargain were not fulfilled.

As in *Glenn,* we remand for further proceedings:

> Because, under *Doyle v. State,* 615 So. 2d 278 (Fla. 3d DCA 1993), *review denied,* 629 So. 2d 132 (Fla. 1993), *cert. denied,* 511 U.S. 1007, 114 S. Ct. 1376, 128 L. Ed. 2d 52 (1994), the trial court cannot order the Department of Corrections to allow the defendant to serve his state time in federal custody, we conclude it is appropriate that the trial court forthwith vacate the sentence already imposed and provide instead either that the sentence be suspended under the rule that this may be permitted in extraordinary circumstances like these, or, at the appellant's option, to enter a sentence of "time served" or simply permit him to withdraw his plea. (citations and footnotes omitted).

*Glenn,* 776 So. 2d at 331–32 (quoting *Taylor v. State,* 710 So. 2d 636, 637 (Fla. 3d DCA 1998)).

*Reversed and remanded.*

WARNER, TAYLOR and CIKLIN, JJ., concur.

\* \* \*

*Not final until disposition of timely filed motion for rehearing.*