PER CURIAM.
Appellant was found guilty of unlawful possession of burglary tools, attempted trespass and attempted petit larceny. He was adjudged guilty and sentenced to a term of three years at hard labor in the state penitentiary as to the possession of burglary tools count. Sentences were withheld as to the two other counts.
Appellant seeks reversal of his convictions on the ground that the trial court erred in failing to grant his motion for new trial based upon the grounds that the prosecuting attorney made improper remarks in his closing argument to the jury that deprived appellant of a fair and impartial trial.
We have carefully considered the record, briefs and arguments of counsel and have concluded that the remarks of the prosecutor were not so harmful or fundamentally tainted so as to require a new trial. No reversible error having been shown, the convictions must be affirmed. Olivia v. State, 346 So.2d 1066 (Fla. 3d DCA 1977).
Appellant has also questioned the legality of the sentence insofar as it provides that the appellant is to serve his term in the penitentiary at “hard labor.” We agree that the trial court erred in specifying that appellant serve his sentence at “hard labor” for there is no longer statutory authority for the “hard labor” provisions of the sentence. Accordingly, the words “hard labor” are hereby stricken and the sentence is affirmed as amended. Speller v. State, 305 So.2d 231 (Fla. 2d DCA 1974).
Affirmed as amended.