555 So.2d 1298 (1990)
Antonio LOPEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-1166.
District Court of Appeal of Florida, Third District.
January 23, 1990.
Kalisch & Lyons, and Scott T. Kalisch, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Jacqueline M. Valdespino, Asst. Atty. Gen., for appellee.
Before BASKIN, LEVY and GERSTEN, JJ.
PER CURIAM.
This is an appeal and cross appeal from a conviction and sentence for trafficking and conspiracy to traffick in cocaine. We affirm in part and reverse in part.
*1299 Appellant, Antonio Lopez, was arrested for trafficking and conspiracy to traffick after arranging for the sale, and participating in the delivery, of 1,784 grams of cocaine. Although appellant assigns a number of errors to the ensuing trial which resulted in his conviction, we find merit in only one.
We focus on appellant's contention that the prosecutor made a number of improper comments when he repeatedly referred to the appellant as a drug dealer who was lying on the stand:
"That's why you did this, because you are a drug dealer."
"Isn't it a fact that when he found out that you were a drug dealer, like he was supposed to, he immediately stopped the conversation about buying a car."
"... . neither would these two drug dealers be here but for these confidential sources ..."
In order for the prosecutor's comments to merit a new trial, the comments must be of such nature:
(1) so as to deprive appellant of a fair and impartial trial;
(2) materially contribute to his conviction;
(3) be so harmful or fundamentally tainted so as to require a new trial; or
(4) be so inflammatory that they might have influenced the jury to reach a more severe verdict than that which they would have reached otherwise.
See Blair v. State, 406 So.2d 1103 (Fla. 1981); Zamot v. State, 375 So.2d 881 (Fla. 3d DCA 1979); Smith v. State, 354 So.2d 477 (Fla. 3d DCA 1978); Oliva v. State, 346 So.2d 1066 (Fla. 3d DCA 1977), cert. denied, 434 U.S. 1010, 98 S.Ct. 719, 54 L.Ed.2d 752 (1978); James v. State, 334 So.2d 83 (Fla. 3d DCA 1976); Darden v. State, 329 So.2d 287 (Fla. 1976), cert. dismissed, 430 U.S. 704, 97 S.Ct. 1671, 51 L.Ed.2d 751 (1977).
A review of the record in the instant case reveals that the comments complained of, although improper, are not sufficiently egregious as to require reversal. Considering the totality of the evidence, these comments did not deprive appellant of a fair trial. See Darden v. State, 329 So.2d at 291.
The State cross appeals the court's failure to impose the statutorily mandated fine pursuant to section 893.135(1)(b)3., Florida Statutes (1987). Section 893.135(1)(b)3., Florida Statutes states:
(b) Any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine as described in s. 893.03(2)(a)4. or of any mixture containing cocaine is guilty of a felony of the first degree, which felony shall be known as "trafficking in cocaine." If the quantity involved:
... .
3. Is 400 grams or more, such person shall be sentenced to a mandatory minimum term of imprisonment of 15 calendar years and to pay a fine of $250,000.
The language of the statute concerning the mandatory fine neither equivocates nor gives discretion to the trial court in imposing the $250,000 fine. Simply stated, the trial court must follow the statute and impose the mandatory fine. Rosa v. State, 508 So.2d 546 (Fla. 3d DCA); review denied, 515 So.2d 230 (Fla. 1987). Here, the trial court failed to impose the $250,000 fine as part of appellant's sentence. Accordingly, we reverse and remand for the imposition of the mandatory $250,000 fine.
Affirmed in part, reversed in part, and remanded.