HERSEY, Judge.
Appellant entered a guilty plea to a charge of purchasing cocaine within 1,000 feet of a school. The plea bargain terms provided that he would be sentenced to confinement for a period of three and one-half years, a downward departure from the guidelines, and that no mandatory minimum sentence would be imposed. At the sentencing hearing, the trial court orally gave a sufficient reason for downward departure. See Barbera v. State, 505 So.2d 413, 413-14 (Fla.1987) (drug dependency may be given as a reason for a downward departure); see also State v. Martin, 551 So.2d 600 (Fla. 4th DCA 1989) (trial court’s cryptic notation on scoresheet of “Barbera decision” as reason for departure sufficiently specific written reason). However, the trial court in this case failed to set forth that reason in writing.
It is error to enter a departure sentence without written reasons. Ree v. State, 565 So.2d 1329 (Fla.1990), modified, State v. Lyles, 576 So.2d 706 (Fla.1991), receded from on other grounds, Smith v. State, 598 So.2d 1063 (Fla.1992). It also is error not to impose the appropriate mandatory minimum sentence. See State v. McKenzie, 574 So.2d 1176 (Fla. 5th DCA 1991) (en banc).
We therefore reverse and remand for resentencing. Appellant must be afforded the opportunity to withdraw his plea which was entered in reliance on avoiding the mandatory minimum aspect of his sentence.
REVERSED AND REMANDED.
DELL and POLEN, JJ., concur.