PER CURIAM.
The State of Florida appeals the trial court’s reduction of a statutorily mandated $50,000 fine for trafficking in cocaine in an amount of 28 grams or more. See § 893.135(1)(b)1., Fla. Stat. (1997). After he pled nolo contendere to one count of possession of cocaine in an amount of 28 grams or more, appellee moved for a downward departure sentence based on Barbera v. State, 505 So.2d 413 (Fla.1987), receded from on other grounds Pope v. State, 561 So.2d 554 (Fla.1990). Appellee alleged that he lacked any prior criminal history and was addicted to cocaine. The trial court ordered a downward departure sentence and also, over the State’s objection, assessed a $2,000 fine, which was a deviation from the statutorily mandated amount. The State urges that the trial court’s reduced fine assessment, under the auspices of Barbera, was error. We agree and reverse.
Section 893.135(l)(b)l. provides for both incarceration, pursuant to the sentencing guidelines, and the imposition of a fine: a person who commits the first degree felony of trafficking in cocaine “shall be sentenced pursuant to the sentencing guidelines and pay a fine of $50,000.” (emphases added). In Barbera, the supreme court held that intoxication was a valid ground for downward departure from a recommended statutory sentence. See 505 So.2d at 414. Because Barbera speaks of mitigation of a recommended sentence and refers to sentencing guidelines departures, it is properly limited to sentences of incarceration. It is well settled that statutorily mandated fines must be imposed absent a stipulation by the state, which did not occur here. See Lopez v. State, 555 So.2d 1298, 1299 (Fla. 3d DCA 1990)(“language of [section 835.135(1)(b)3.] concerning the mandatory fine neither equivocates nor gives discretion to the trial *1054 court”); Rosa v. State, 508 So.2d 546, 548 (Fla. 3d DCA 1987)(trial court lacked discretion in imposition of fine mandated by section 893.135(1)(b)3.).
In light of the mandatory language of the statute and the applicability of Barbera to sentences of incarceration and not fines, we reverse that portion of the judgment that imposed the fine and remand for the trial court to impose the statutorily mandated amount.
Appellant cross-appealed the denial of his motion to suppress, but since no briefs have been filed, we affirm. See In re Coleman’s Estate, 103 So.2d 237, 239-40 (Fla. 2d DCA 1958).
WARNER, POLEN and SHAHOOD, JJ., concur.