PER CURIAM.
Eduardo Galiana was convicted after jury trial of two counts of DUI manslaughter and two counts of vehicular homicide, as well as leaving the scene of an accident involving property damage, and for unlawful driving as an habitual traffic offender. Galiana was sentenced to two consecutive fifteen year terms for the DUI manslaughter counts, five years concurrent on a guilty plea to the habitual traffic offender count, sixty days for leaving the scene, and sentence was suspended on the two counts of vehicular homicide. We affirm Galia-na’s convictions for DUI manslaughter, driving as an habitual traffic offender, and leaving the scene of an accident. We remand, however, for the trial court to dismiss the two counts of vehicular homicide.
Galiana asserts that his motion for mistrial should have been granted because of improper closing statements made by the prosecutor. The prosecutor’s comments, although bordering on inappropriate,[1] were not of such a nature as to deprive Galiana of a fair trial, did not materially contribute to his conviction, and were not so fundamentally tainted or inflammatory that a new trial is warranted. See Lopez v. State, 555 So.2d 1298 (Fla. 3d DCA 1990). In context of the entire trial and record on appeal, the comments, made in closing, were harmless and the trial court did not abuse its discretion by denying Galiana’s motion for mistrial. We have considered Galiana’s remaining points on appeal and find no error. However, the judgments of conviction for vehicular homicide, which sentences were suspended, must be dismissed. State v. Chapman, 625 So.2d 838 (Fla.1993) (a single death cannot support convictions for both DUI manslaughter and vehicular homicide).
Affirmed in part; reversed and remanded in part.

. During the State's initial closing, the prosecution stated that "these two children are no longer with us, and will never be in the Keys with their parents, and will never spend the weekend playing with puppies.” The trial prosecutor later stated, "I suppose a person that gets as drunk as the defendant did, and drives as fast as he did, maybe it was a Russian roulette game; if it wasn't [the child victims], maybe somebody else.”