890 So.2d 454 (2004)
STATE of Florida, Appellant,
v.
Brandi DEMILLE, Appellee.
No. 2D04-474.
District Court of Appeal of Florida, Second District.
December 29, 2004.
*455 Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna S. Koch, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellee.
CANADY, Judge.
The State appeals Brandi DeMille's sentences imposed in three different cases. We affirm on one of the State's claims without discussion, but we reverse and remand on the remaining two.
DeMille pleaded guilty to conspiracy to traffic in hydrocodone in circuit court case number 03-16579, and the trial court sentenced her to ten years' drug offender probation. The State argues, and DeMille concedes, that the trial court was statutorily required to impose a three-year mandatory minimum term of imprisonment and a $50,000 fine for this offense. See § 893.135(1)(c)(1)(a), (5), Fla. Stat. (2003). We agree and reverse and remand for resentencing in compliance with the requirements of section 893.135(1)(c)(1)(a). See State v. Couch, 600 So.2d 55, 55 (Fla. 4th DCA 1992) (holding that it is error not to impose the appropriate mandatory minimum sentence); State v. Delgado, 717 So.2d 1053, 1053-54 (Fla. 4th DCA 1998) (holding that it is well settled that statutorily mandated fines must be imposed absent a stipulation by the State); Lopez v. State, 555 So.2d 1298, 1299 (Fla. 3d DCA 1990) (holding that the trial court must follow the statute and impose the mandatory fine). Because DeMille's sentence was a result of a plea agreement between her and the trial court, she should be given the opportunity to withdraw her plea on remand. See State v. Honiker, 675 So.2d 681, 682 (Fla. 2d DCA 1996).
The State also contends that the trial court erred in sentencing DeMille to drug offender probation on the count of driving while license suspended in circuit court case number 01-08638. We agree. Driving while license suspended is not an *456 enumerated offense subject to drug offender probation. See § 948.034(1), Fla. Stat. (2000); Buswell v. State, 855 So.2d 687, 688 (Fla. 2d DCA 2003); State v. Lazo, 761 So.2d 1244, 1244-45 (Fla. 2d DCA 2000). Therefore, we reverse DeMille's sentence of drug offender probation in case number 01-08638 and remand for resentencing. We note that on remand the trial court may resentence DeMille to regular probation for this offense based on the valid departure reason cited in the sentencing guidelines scoresheet.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT and SILBERMAN, JJ., concur.