980 So.2d 567 (2008)
David K. SADLER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D08-331.
District Court of Appeal of Florida, Fifth District.
April 25, 2008.
David Kenneth Sadler, Sneads, pro se.
Bill McCollum, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
*568 PER CURIAM.
Appellant seeks relief from the trial court's summary denial of his rule 3.850 motion. Appellant contends that the effect of his sentence is contrary to a plea agreement, in which the parties agreed that his sentence would be served concurrently with a sentence imposed by the United States District Court. We agree and reverse.
Appellant was charged with grand theft, fleeing or attempting to elude and driving on a suspended license. At the time he was charged, he was on supervised release from a sentence imposed in federal court. As a result of these new state charges, he was charged with a violation of his supervised release and was facing, but had not yet been sentenced to, additional time in the federal prison system.
In pretrial hearings, defense counsel moved to have Appellant released from the jurisdiction of St. Johns County so that he could be tried in the United States District Court in Lynchburg, Virginia, for the violation of supervised release before being tried on the St. Johns County charges. The trial court refused, apparently fearing that Appellant would not be returned to be tried. Appellant contends that his plea and sentencing hearing were continued to give the parties time to figure out how to structure the state sentence to insure that it would run concurrent with whatever federal sentence Appellant ultimately received. At Appellant's subsequent plea and sentencing hearing, the issue of concurrency was discussed at some length. During the discussion, the State Attorney agreed "that [Appellant's] sentence would run concurrent with any other sentences. . . . He shouldn't be doing double time from our perspective." Based thereon, Appellant entered his plea and was sentenced to four years in prison. The court stated: "And it is the intention of the State, I believe, in their offer that should you be sentenced in federal court, that this sentence run concurrent with that sentence."
On August 24, 2006, St. Johns County transferred Appellant to the Florida Department of Corrections to begin serving his sentence. On May 21, 2007, Appellant was transported to Virginia where, on June 19, 2007, he was sentenced to thirty-six months in the Federal Bureau of Prisons. According to Appellant, the federal judge intentionally sentenced him to the same amount of time remaining on his state sentence and did not designate the federal sentence concurrent because the time remaining on Appellant's state sentence was the same as the federal sentence  thirty-six months  and the federal judge "assumed that the federal sentence would commence on the day of sentencing." Unfortunately for Appellant, the writ of custody by which he was transferred to Virginia only sought temporary custody and the United States marshal returned him to Florida to serve the remainder of his Florida sentence after which he would be transferred back to federal custody to begin serving his federal sentence. Thus, Appellant now faces a total sentence of eighty-four months, instead of forty-eight months, as was contemplated. Appellant alleges that the State has violated the terms of the plea agreement and that specific performance is the only way to correct the error.
In response to this Court's show cause order, the State contends that the running of the state and federal sentences concurrently was not a part of the plea bargain in this case. The State, acknowledges, however, that it is well established that if "a condition of a plea is that a defendant will serve an agreed-upon state sentence in federal prison concurrently with a longer federal sentence, a defendant is entitled to post-conviction relief if the terms of that agreement are not met." Glenn v. State, *569 776 So.2d 330, 331 (Fla. 4th DCA 2001). Thus, the issue this Court must decide is whether the trial court's summary determination that the concurrency agreement was not part of the plea bargain is correct. Based on our review of the sentencing transcript, we agree with Appellant.
Clearly, all of the parties, and the trial court, contemplated that Appellant's state sentence would run concurrent with his federal sentence. The State's Attorney confirmed that it was the State's intent that Appellant's state sentence run concurrent with his federal sentence so that he did not receive "double time." Although the trial court warned Appellant that the federal judge was not bound by any agreement, the federal sentence does not prevent the court from enforcing the State's agreement.
We, therefore, reverse the summary denial of Appellant's motion and remand this cause with instructions that the lower court modify Appellant's sentence to time served, or suspend Appellant's sentence, so that he may be released to the federal authorities to serve his federal sentence.[1]Taylor v. State, 710 So.2d 636, 637 (Fla. 3d DCA 1998). Even given this disposition, we realize that Appellant will probably serve more time than was originally contemplated, but we have exhausted our authority in affording a remedy. Hopefully, the parties can cooperate to implement our decision without further delay.
REVERSED and REMANDED.
TORPY, LAWSON and COHEN, JJ., concur.
NOTES
[1] Our disposition of this case is based on our assumption that Appellant was sentenced in United States District Court to thirty-six months and that a detainer is in place to prevent his release from custody because the State does not dispute these assertions by Appellant.