987 So.2d 219 (2008)
Dwayne DEVOID, Appellant,
v.
STATE of Florida, Appellee.
No. 5D08-57.
District Court of Appeal of Florida, Fifth District.
July 25, 2008.
*220 James S. Purdy, Public Defender, and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
Dwayne Devoid[1] seeks review of the summary denial of his "Motion for Post Conviction Relief/Motion to Enforce Plea Agreement." The trial court denied relief even though it acknowledged that Mr. Devoid's position was meritorious. We reverse in order to allow the trial court to put into effect the original plea agreement between Mr. Devoid and the State.
On November 7, 2006, Mr. Devoid entered a written plea agreement in which he agreed to plead guilty to a violation of probation, and the State agreed to a sentence of one year and one day, with no credit for any new gain time to which Mr. Devoid would be entitled. It is evident from a review of the sentencing transcript and the judgment and sentence that the trial court and both parties contemplated that Mr. Devoid would serve exactly one year and one day in state prison as a result of his violation. Once received by the Department of Corrections, however, Mr. Devoid was informed that one hundred ninety-six days previously awarded as gain time on his original split sentence was being forfeited, thus increasing Mr. Devoid's sentence from one year and one day to one year one hundred ninety-seven days.
Mr. Devoid immediately filed a motion for post conviction relief seeking to have his sentence restructured to accommodate the forfeited gain time. At the hearing on Mr. Devoid's motion, all the parties and the court agreed that the intent of the plea agreement was for Mr. Devoid to serve no more than one year and one day. Because the court believed that it did not have the authority to grant the requested relief, it denied Mr. Devoid's motion. Under our case law, however, the trial court did have the authority to enforce the plea agreement.
The Department of Corrections may revoke gain time without being countermanded by the court, but such a forfeiture cannot thwart the terms of a plea agreement. Dellofano v. State, 946 So.2d 127 (Fla. 5th DCA 2007). See also Barnett v. State, 933 So.2d 1269 (Fla. 5th DCA 2006); Dellahoy v. State, 816 So.2d 1253 (Fla. 5th DCA 2002). Mr. Devoid was, therefore, entitled to be resentenced in a manner that would have effectuated the plea agreement. Had he been properly resentenced, Mr. Devoid would have been released on November 8, 2007. Accordingly, we reverse the denial of rule 3.850 relief and remand this cause with instructions for the trial court immediately to modify Mr. Devoid's sentence to time served so as to effectuate the intention of the original plea agreement and entitle Mr. Devoid to immediate release with respect *221 to the judgment and sentence arising from the instant case. We further instruct the trial court to communicate its order to the Department of Corrections. As in Sadler v. State, 980 So.2d 567 (Fla. 5th DCA 2008), we recognize that Mr. Devoid will serve more time than was originally contemplated, but we have once again exhausted our authority to afford a remedy. We urge the parties to cooperate to implement our decision without delay.
REVERSED and REMANDED WITH INSTRUCTIONS.
GRIFFIN and TORPY, JJ., concur.
NOTES
[1] This appeal was erroneously filed in the name of Dewayne Devoid. The record below reveals that Mr. Devoid's first name is actually Dwayne.