991 So.2d 406 (2008)
Fredrick LAWRENCE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D08-1044.
District Court of Appeal of Florida, Fifth District.
September 19, 2008.
Fredrick Lawrence, Milton, pro se.
Bill McCollum, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
While it is true that the Department of Corrections may revoke gain time without being countermanded by an appellate court, the forfeiture may not thwart the terms of a plea agreement between a criminal defendant and the State. See Devoid v. State, 987 So.2d 219 (Fla. 5th DCA 2008); Dellofano v. State, 946 So.2d 127 (Fla. 5th DCA 2007); see also Barnett v. State, 933 So.2d 1269 (Fla. 5th DCA 2006); Dellahoy v. State, 816 So.2d 1253 (Fla. 5th DCA 2002). In the present case a forfeiture of gain time by the Department indeed had the effect of subverting a plea agreement entered into by the appellant, Fredrick Lawrence. When Mr. Lawrence then sought relief pursuant to rule 3.850, Florida Rules of Criminal Procedure, the trial judge denied the motion without any explanation and without attaching portions of the record conclusively refuting the appellant's claim. Under the circumstance we reverse the denial of the motion for post-conviction relief and remand this matter to the trial court so that it might either hold an evidentiary hearing in accordance with the motion, or attach such parts of the record that conclusively refute the claim.
REVERSED and REMANDED.
PALMER, C.J. and EVANDER, J., concur.