PER CURIAM.
Leroy Plummer appeals his conviction and the state cross appeals his sentence for trafficking in hydrocodone. We find no error in Issue I. As to Issue II, although the trial court erred by excluding evidence of the confidential informant’s purported threats, see Crumley v. State, 534 So.2d 909 (Fla. 1st DCA 1988), Everett v. State, 801 So.2d 189 (Fla. 4th DCA 2001), appellant failed to preserve the issue by proffering the excluded statements, Lucas v. State, 568 So.2d 18 (Fla.1990), Baker v. State, 71 So.3d 802 (Fla.2011).
We reverse appellant’s sentence, because the evidence was undisputed and the jury found that the amount of hydroco-done in the case was over 14 grams and under 28, which required a minimum mandatory sentence of 15 years and a fine of $100,000.00. § 893.135(l)(c)l.b, Fla. Stat. (2010). Nothing in the statute gave the trial court the discretion to impose a lower minimum mandatory and fine. See State v. Cuesta, 490 So.2d 239 (Fla. 2d DCA 1986); State v. DeMille, 890 So.2d 454 (Fla. 2d DCA 2004); State v. Delgado, 717 So.2d 1053 (Fla. 4th DCA 1998). Appellant conceded the trial court’s error on this point.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
PADOVANO, MARSTILLER, and MAKAR, JJ., concur.