IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

     Appellant/Cross-Appellee,

 v.

KENA R. MEASE,

     Appellee/Cross-Appellant.

_____/

Case No.  5D15-3093

Opinion filed June 24, 2016

Appeal from the Circuit Court
for Volusia County,
Frank Marriott, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Rock
McGuigan, Assistant Attorney General,
Daytona Beach, for Appellant/Cross-
Appellee.

Valarie Linnen, Atlantic Beach, for
Appellee/Cross-Appellant.

PER CURIAM.

The State of Florida appeals the trial court's sentencing of Appellee, Kena R.

Mease, following her conviction for trafficking in methamphetamine. Mease cross-appeals

her conviction and sentence, challenging the trial court's denial of her motion for judgment

of acquittal. We affirm the issue on cross-appeal without discussion. Finding that the trial

court erred as a matter of law by sentencing Mease below the statutory mandatory minimum, we reverse and remand for resentencing consistent with this opinion.

Section 893.135(1)(f)(b), Florida Statutes (2015), provides that a person convicted of trafficking in methamphetamine in an amount greater than 28 grams, but less than 200 grams, "shall be sentenced to a mandatory minimum term of imprisonment of 7 years" and "shall be ordered to pay a fine of $100,000." Interpreting section 893.135, our court, as well as every one of our sister courts, has concluded that the trial court lacks discretion to sentence a defendant below the mandatory minimum. See Plummer v. State, 121 So. 3d 1129, 1130 (Fla. 1st DCA 2013); State v. Demille, 890 So. 2d 454, 455 (Fla. 2d DCA 2004); State v. Delgado, 717 So. 2d 1053, 1053 (Fla. 4th DCA 1998); Lopez v. State, 555 So. 2d 1298, 1299 (Fla. 3d DCA 1990); State v. Row, 478 So. 2d 430, 431 (Fla. 5th DCA 1985). As our court has explained, "mandatory minimum sentencing enhancements are nondiscretionary and, therefore, trial courts lack the authority to refuse to apply them." State v. Kremer, 114 So. 3d 420, 421 (Fla. 5th DCA 2013) (citations omitted).

Based on the foregoing, we reverse Mease's sentence for trafficking in methamphetamine and remand for resentencing in accordance with the statutory mandatory minimum. We affirm in all other respects.

AFFIRMED in part; REVERSED in part; REMANDED for resentencing.

SAWAYA, COHEN, and WALLIS, JJ., concur.

2