IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JAMIDO PINEIROCABAN,

        Appellant/Cross-Appellee,

 v.                                   Case No.  5D16-2342

STATE OF FLORIDA,

        Appellee/Cross-Appellant.

_____/

Opinion filed June 2, 2017

Appeal from the Circuit Court
for Orange County,
Robert J. Egan, Judge.

James S. Purdy, Public Defender,
and George D. E. Burden, Assistant
Public Defender, Daytona Beach, for
Appellant/Cross-Appellee.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Rock
McGuigan, Assistant Attorney General,
Daytona Beach, for Appellee/
Cross-Appellant.

PER CURIAM.

      Jamido Pineirocaban appeals his convictions, following a jury trial, for trafficking in

cocaine in the amount of 200 grams or more, but less than 400 grams, and for importing

cocaine.  Pineirocaban was sentenced to serve concurrent seven-year prison terms.  The

State cross-appeals the sentence for trafficking in cocaine, contending that the trial court erred as a matter of law by failing to sentence Pineirocaban to serve a mandatory minimum prison term. We affirm Pineirocaban's convictions without further discussion. For the following reasons, we reverse Pineirocaban's sentence for trafficking in cocaine and remand for resentencing.

Pineirocaban was charged with violating section 893.135(1)(b)1.b., Florida Statutes (2015), by knowingly possessing, selling, purchasing, manufacturing, delivering, or bringing into the State of Florida 200 grams or more of cocaine or a mixture containing cocaine. This statute provides that a person convicted of trafficking in cocaine where the amount involved "[i]s 200 grams or more, but less than 400 grams, . . . shall be sentenced to a mandatory minimum term of imprisonment of 7 years . . . ." § 893.135(1)(b)1.b., Fla. Stat. (2015). When a defendant is convicted of violating a statute that mandates the imposition of a mandatory minimum term of imprisonment, the sentencing enhancement is nondiscretionary and "trial courts lack the authority to refuse to apply them." *State v. Mease*, 200 So. 3d 161, 162 (Fla. 5th DCA 2016) (quoting *State v. Kremer*, 114 So. 3d 420, 421 (Fla. 5th DCA 2013)). Our review of the legality of the sentence is de novo. *Pinkard v. State*, 185 So. 3d 1289, 1289–90 (Fla. 5th DCA 2016) ("The legality of a sentence is a question of law and is subject to de novo review." (quoting *Flowers v. State*, 899 So. 2d 1257, 1259 (Fla. 4th DCA 2005))).

Pineirocaban acknowledges that he was charged with trafficking in cocaine in the amount of 200 grams or more, but less than 400 grams, and that, if convicted as charged, he faced a mandatory minimum seven-year prison sentence. Pineirocaban argues, however, that because the jury made no separate, "clear finding" in its verdict that the

2

amount of cocaine involved in this case actually weighed 200 grams or more, the trial court correctly refused to impose the statutorily required seven-year mandatory minimum sentence.  Under the specific facts of this case, we disagree.

Although not explicitly argued by Pineirocaban, the United States Supreme Court has determined that any fact that triggers a mandatory minimum sentence is an element of the offense that must be submitted to the jury and proved beyond a reasonable doubt. *Alleyne v. United States*, 133 S. Ct. 2151, 2163 (2013).  Pineirocaban correctly relates that the verdict form provided to the jury on this count only asked it to decide whether he was guilty or not guilty of the charge of trafficking in cocaine.  There were no lesser included offenses for the jury to consider on the verdict form or in its deliberations, nor was the jury separately tasked with determining the weight of the cocaine on the verdict form if it found Pineirocaban guilty of trafficking.  Moreover, at the charge conference, the parties agreed that the trial court would instruct the jury that in order to find Pineirocaban guilty of trafficking in cocaine, it must find that the State proved the following three elements beyond a reasonable doubt:

1. JAMIDO PINEIROCABAN knowingly possessed a certain substance.

2. The substance was cocaine.

3. The cocaine weighed 200 grams or more.

The better practice here would have been for the verdict form to have specifically provided the jury with the options of either finding Pineirocaban guilty of trafficking in cocaine in the amount of 200 grams or more, as charged in the information, or finding him not guilty.  Nevertheless, under the facts of this case, by its verdict of guilty, it is clear that the jury found that the State proved beyond a reasonable doubt that Pineirocaban

3

knowingly possessed 200 grams or more of cocaine.  Stated differently, because the jury was instructed that the specific "200 grams or more" weight of cocaine was the third element of the crime that must be proved beyond a reasonable doubt, and there were no lesser included offenses of trafficking in cocaine in smaller amounts for the jury to consider in its deliberations,[1] we conclude that the requirement under *Alleyne* of the jury making a factual finding as a prerequisite to the imposition of a mandatory minimum prison sentence was met.  Thus, we hold that the trial court erred in failing to sentence Pineirocaban to the statutorily mandated seven-year mandatory minimum prison sentence.

Accordingly, we reverse Pineirocaban's present seven-year non-mandatory minimum prison sentence for trafficking in cocaine and remand with directions that the trial court sentence Pineirocaban to serve a seven-year mandatory minimum term for this conviction.  Because the imposition of this sentence in this case is ministerial, Pineirocaban need not be present for the resentencing.  We affirm on all other issues.

AFFIRMED in part; REVERSED in part; and REMANDED, with directions.

COHEN, C.J., TORPY and LAMBERT, JJ., concur.

---

[1] Trafficking offenses involving lower quantities of cocaine are category one lesser included offenses to the instant charge.  *See* Fla. Std. Jury Inst. (Crim.) 25.10.

4