# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2024-1081
_____

STATE OF FLORIDA,

    Appellant,

    v.

KRISTINA ELAINE BEAMAN,

    Appellee.

_____

On appeal from the Circuit Court for Okaloosa County.
John Jay Gontarek, Judge.


June 18, 2025


WINOKUR, J.

In 2021, Kristina Elaine Beaman drove under the influence and crashed into a motorcycle, killing its rider, Eric Lindsey Mills. Beaman pleaded no contest to DUI manslaughter, which carried a mandatory minimum sentence of four years in prison. Beaman's lowest permissible sentence (LPS) was 124.5 months incarceration, but she moved for a downward departure. The trial court granted the motion, sentenced Beaman to sixty months in prison, suspended the prison term, and sentenced Beaman to 124.5 months of probation. Because a trial court lacks the authority not to impose a statutory mandatory minimum sentence, we reverse.

## I

On January 5, 2021, Beaman was driving on State Road 4 in Baker. Beaman failed to see Mills on his motorcycle, and crashed into him. Mills died at the scene.

Beaman consented to a blood draw and consented to a recorded interview with Florida Highway Patrol (FHP). Beaman told FHP she was operating the vehicle when she crashed into Mills. Beaman also told FHP that she consumed alcohol that afternoon and smoked marijuana that morning. Beaman's blood draw showed a blood alcohol content of 0.195 and showed marijuana in her system at the time of the crash. The State charged Beamon with DUI manslaughter, later amending the information to add a count of vehicular manslaughter. Beaman agreed to enter a plea of no contest to DUI manslaughter in exchange for dismissal of the vehicular manslaughter count.

Beaman was subject to a four-year mandatory minimum sentence under section 316.193(3), Florida Statutes, and scored 124.5 months—10.375 years—for her LPS. Before sentencing, Beaman moved for a downward departure, on the grounds that (1) the offense was committed in an unsophisticated manner, was an isolated incident, and because she was remorseful; and (2) she cooperated with law enforcement to resolve the case through her consensual blood draw and confession to drinking before driving.

At sentencing, the trial court concluded that Beaman committed the offense in an unsophisticated manner, that it was an isolated incident, and that Beaman was remorseful. It also found that Beaman cooperated with law enforcement. Finding that these conclusions justified a departure from the LPS, the trial court sentenced Beaman to sixty months (five years) in prison, suspended that sentence, and imposed 124.5 months of probation. Over the State's objection, the court also suspended the mandatory minimum sentence. The State appeals.

## II

Section 316.193(3), Florida Statutes, provides that "[a] person who is convicted of DUI manslaughter *shall* be sentenced to a

2

*mandatory* minimum term of *imprisonment* of 4 years." (Emphasis supplied). The issue here is whether the court complied with this requirement.

A trial court is permitted to impose a sentence below the LPS if mitigating circumstances support such a departure.* *See* §§ 921.0026(1), 921.00265(1), Fla. Stat. However, a court is not permitted to impose a sentence below a mandatory minimum sentence. *See, e.g.*, *Rochester v. State*, 140 So. 3d 973, 975 (Fla. 2014) (holding that "the trial court does not have the discretion to impose a sentence below the twenty-five year minimum set forth in [statute]"); *State v. Mease*, 200 So. 3d 161, 161–62 (Fla. 5th DCA 2016) (holding that "the trial court lacks discretion to sentence a defendant below the mandatory minimum" (citing *Plummer v. State*, 121 So. 3d 1129, 1130 (Fla. 1st DCA 2013))); *State v. Schumacher*, 99 So. 3d 632, 633 (Fla. 1st DCA 2012) (reversing a sentence that did not provide for the DUI manslaughter four-year mandatory minimum: "[w]hen a trial court imposes a sentence that is shorter than the required mandatory minimum sentence, 'the sentence is not within the limits prescribed by law and is properly viewed as an illegal sentence.'" (quoting *State v. Strazdins*, 890 So. 2d 334, 335 (Fla. 2d DCA 2004))).

The court imposed a 60-month term of imprisonment, but suspended it and imposed probation instead. It is unclear whether the sentencing court believed that imposing a mandatory minimum sentence and then suspending it complies with the requirement to impose a minimum sentence, but it does not. *See Mack v. State*, 504 So. 2d 1252, 1253 (Fla. 1st DCA 1986) (noting that "the sentencing court lacks authority to suspend or reduce the mandatory minimum sentence"). *See also McKendry v. State*, 641 So. 2d 45 (Fla. 1994) (holding that a trial court could not impose a suspended sentence when the statute required a mandatory minimum sentence); *State v. Kelly*, 147 So. 3d 1061 (Fla. 3d DCA 2014) (holding that the trial court lacked authority to suspend the

---

* The State does not challenge the trial court's conclusion that a departure from the LPS was justified, only its failure to impose a mandatory minimum sentence.

a minimum mandatory prison sentence); *State v. Brown*, 599 So. 2d 286 (Fla. 3d DCA 1992) (same).

Because section 316.193(3) requires a term of four years of imprisonment for DUI manslaughter, and because suspending the sentence does not constitute imposition of a term of imprisonment, the trial court's sentence is improper. Nor did the imposition of a departure sentence permit the sentencing court to ignore the mandatory minimum sentence. *See State v. Sawyer*, 350 So. 3d 427, 430 (Fla. 5th DCA 2022) (noting that "when there is a mandatory minimum sentencing requirement, a trial judge cannot impose a downward departure sentence below the mandatory minimum"). The court was permitted to depart from the 124.5-month LPS, but it was not permitted to suspend the mandatory minimum sentence.

## III

Accordingly, we REVERSE the trial court's sentence and REMAND for resentencing consistent with this opinion.

RAY and KELSEY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

James Uthmeier, Attorney General, and Miranda L. Butson, Assistant Attorney General, Tallahassee, for Appellant.

Jessica J. Yeary, Public Defender, and Tyler Kemper Payne, Assistant Public Defender, Tallahassee, for Appellee.