PALMER, J.
Anthony Ahedo (defendant) appeals the trial court’s summary denial of his rule 3.850 motion.[1] We reverse.
*927 The defendant’s rule 3.850 motion alleged that a mutual mistake was made during the defendant’s plea bargain -proceedings. Specifically, the motion alleged that, pursuant to the terms of the defendant’s plea agreement, the trial court ordered that the defendant’s sentences should run concurrent with sentences entered in pending state and federal prosecutions arising from related matters; however, the defendant was subsequently sentenced in a related federal case to a term of 90 years imprisonment, without regard to said agreement, and was returned to Florida to serve his state sentence, after which he will be required to serve his federal sentence. The motion claimed that since the defendant is being required to serve more jail time than he had bargained for, his Florida sentence should be suspended or he should be re-sentenced to a term of time served.
Although it is true that the trial court cannot order the federal authorities to allow the defendant to serve his sentences concurrently with state sentences, that does not mean that the trial court is totally powerless to effectuate the terms of the defendant’s plea agreement if, as the defendant alleges, there was an agreement. In a similar situation the court in Davis v. State, 852 So.2d 355 (Fla. 5th DCA 2003) recognized that in order to effectuate the terms of the defendant’s plea agreement, the defendant’s 'state sentence could be vacated and a suspended sentence or a sentence of time served could be imposed or the defendant could be allowed to withdraw his plea.
The State, in its response to this appeal, while arguing against it on the merits, commendably concedes that the trial court has not attached documents from the record supporting the conclusion that the trial court complied with its obligations under the instant plea agreement and, accordingly, that this court must remand this matter to the trial court to either attach portions of the record conclusively refuting the defendant’s claim or hold an evidentiary hearing on the motion. See Arbelaez v. State, 775 So.2d 909, 914 (Fla.2000)(holding that when a rule 3.850 motion is denied without an evidentiary hearing the defendant’s allegations must be deemed true, unless they are refuted by the attached record).
Accordingly, we reverse the instant rule 3.850 order and remand this matter to the trial court to either attach portions of the record conclusively refuting the defendant’s claim or hold an evidentiary hearing thereon.
REVERSED and REMANDED.
PETERSON and MONACO, JJ., concur.

. Fla. R. Cr. P. 3.850.