# Third District Court of Appeal

## State of Florida

Opinion filed May 8, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-2117
Lower Tribunal No. 16-22715
_____


**George Heath,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Martin Zilber, Judge.

George Heath, in proper person.

Ashley Moody, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.


Before LOGUE, SCALES and HENDON, JJ.

SCALES, J.

George Heath appeals the trial court's June 20, 2018 order summarily denying, as legally insufficient, Heath's May 16, 2016 "Motion for Nunc Pro Tunc Based on Defendant's Official Jail Time Credit." For the following reasons, we treat this appeal as if Heath's motion sought postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, we reverse the June 20, 2018 order denying same and remand for further proceedings consistent with this opinion.

In his motion, Heath alleged that his guilty plea[1] was conditioned on Heath's state sentence running concurrently with Heath's longer federal sentence in federal case number 16-CR-20903.[2] Though not entirely clear from his motion, it appears that Heath alleged that, once Heath was released from custody in the Miami-Dade County jail and returned to federal custody, Heath did not receive the benefit of his plea bargain in lower tribunal case number F16-22715. That is, according to Heath's motion, the federal authorities have not permitted Heath to serve his state and federal sentences concurrently. Heath's motion therefore sought an order from the circuit court resentencing Heath "to time served nunc pro tunc to his original sentencing date" in lower tribunal case number F16-22715 in order to effectuate the terms of

---

[1] The State charged Heath with resisting an officer without violence and possession of a controlled substance in lower tribunal case number F16-22715.

[2] Specifically, Heath's motion asserts that, because Heath was sentenced to 319 days in jail with credit for time served, the parties and the lower court agreed that Heath would receive "319 days credit towards his Federal sentence."

Heath's alleged plea deal. Indeed, there is precedent in Florida that would authorize a trial court to resentence a defendant under such circumstances by granting postconviction relief sought pursuant to a rule 3.850 motion. See Glenn v. State, 776 So. 2d 330, 331 (Fla. 4th DCA 2001) ("Where a condition of a guilty plea is that the defendant will serve the agreed-upon state sentence in federal prison concurrently with a longer federal sentence, the defendant is entitled to postconviction relief if the terms of the agreement are not met."); see also Taylor v. State, 710 So. 2d 636, 637 (Fla. 3d DCA 1998).

In its answer brief, while questioning the legal sufficiency of Heath's motion, the State commendably concedes both that: (i) the lower court failed to attach any documents to its June 20, 2018 order conclusively showing that Heath's motion is legally insufficient; and (ii) on the limited record[3] before this Court, it is unclear whether Heath is entitled to any relief on his postconviction motion. See Fla. R. App. P. 9.141(b)(2)(D); Ahedo v. State, 877 So. 2d 926, 927 (Fla. 5th DCA 2004).

For us to affirm the trial court's summary denial of Heath's motion, the record must conclusively demonstrate that Heath is not entitled to relief. See Fla. R. App. P. 9.141(b)(2)(D). Because the record before us fails to make the required showing,

---

[3] Neither a transcript of Heath's plea colloquy, nor a written plea agreement, have been provided to this Court.

3

we reverse and remand for further proceedings. If, on remand, the trial court again enters an order summarily denying Heath's postconviction motion, the lower court shall attach record excerpts conclusively showing that Heath is not entitled to any relief.

Reversed and remanded with instructions.